And now at this term the opinion of the Court was delivered by
Sewall, J.
The question submitted upon these facts, (which Ills Honor previously stated,) is, whether the plaintiff is entitled to recover, by virtue of this policy, for a partial loss upon the consignment to him from Winchester, Howard, & Co.
By the facts disclosed, it is evident that the policy in this case applied originally to the plaintiff’s general property in certain goods expected on his own account, and, in the intention of the parties, had no other application. To make a question in this case, is to suppose it doubtful whether a contract respecting one [*370] subject-matter maybe construed to have relation * to, and may be enforced as comprising, another subject, not within the intent of the parties. Goods, the property of the plaintiff, were expected, and these were insured. No goods of that description were shipped; and although goods of another description, the property of other persons, were shipped, and in which the plaintiff might have acquired a special interest and control, yet of these the plaintiff had no knowledge ; nor had he any intention to insure them, either for the shippers or on his own account. Whether this policy might be construed an insurance for the benefit of Winchester, Howard, & Co., if their interest had been known and disclosed, and there had been an intention to insure it, — or for the plaintiff’s interest, by a security of his demands against them, or of his commissions upon their consignment, if that interest had been contemplated by the parties, — are questions not necessary to be determined in this case; because the statement of it effectually negatives any intention of the parties to apply their contract to either of those purposes.
A right to change, in this manner, the application of a contract, if it exists, must be reciprocal between the contracting parties. If the plaintiff is entitled to recover a loss upon this insurance, then, although there had been no loss, and the vessel had pursued her voyage and arrived safely, the defendant would have been entitled to retain the premium paid him by the plaintiff in the expectation of goods which were never shipped. But it is every day’s experience that premiums are not retained under these circumstances. Among the adjudged cases to this point may be cited that of Martin vs. Sitwell, (4) which was a decision at common law before the statute of 19 G. 2, c. 37. In that case B. had effected a policy in the name of Marlin, to insure the goods in a certain vessel; and when it was discovered afterwards that M. had no goods in the vessel, and therefore that the policy was void, M. recovered back the premium which had been paid to Sitioell for his insurance.
*335 * An insurance upon property is a contract of indem- [ * 371 ] nity; but in this case, the damage which happened to the goods of Winchester, Howard, 8f Co., shipped for their account and risk, is no loss to the plaintiff". His demands against them are not impaired by this consignment, or by the loss of it. For though a consignee, who has given a credit upon a consignment, and with a special reference to it, may insure in his own name, yet a gen» eral creditor may not, according to the reasoning of Justice Butter in the case of Wolf & Al. vs. Horncastle. (5)
And as to any other profits of this consignment, besides that no interest of that kind was contemplated by the parties in making this insurance, it would be going beyond any case that has been cited, or that I know of, to say that a profit depending upon the will of another, and to arise from effects not in the control of the party, might be insured to him upon these distant expectations. (6)
Upon the whole, our opinion is that the plaintiff is not entitled to recover upon this policy for .the loss which has been proved. If there is a count for a return premium, the plaintiff is entitled tc that, this being a contract not made in contravention of the law, but by a mistake in the party who is understood to have paid the premium.(a)
Note. — No judgment having been entered at March term', at the July adjournment, (there being a count for money had and received,) Prescott moved that full costs should be taxed for the. plaintiff, although the return premium was no more than nine dollars, upon the ground that he had “ a reasonable expectation of recovering more than four pounds.”
Jackson suggested that, the plaintiff having failed in his principal demand, it would be but equitable that the defendant should recover his costs, as the party prevailing. This demand of a return of the premium has never been resisted by the defendant. In fact, it was essential to his defence against the plaintiff’s demand for a loss, to maintain his claim to the premium. Jackson also observed that the “ reasonable expectation” *in the stat- [ *372 ] ute (7) relates to matters of fact, as where a defendant files his account as a set-off, or where, from evidence unexpectedly produced, the plaintiff’s judgment is reduced below four pounds, — *336 and the statute has never been considered as providing for the case of a mistake in the law.

By the Court.

Let one fourth of the damage be taxed as costs,

 Snow. 156, cited in Park, 368, and in Marshall, 99.

 1 Bos. & Pul. 316.

 Marsh. 88, 89, 92. — See Camden & Al. vs. Anderson, 5 Term R. 709.

 Conway vs. Gray, 10 East, 536. — Conway vs. Forbes, 10 East, 539. — Donatt vs. Ins. Co. N. A. 4 Dall. 463. — Campbell & Al. vs. Innes, 4 B. & Ald. 423.

 Statute of Limitations, February 13, 1787.