## SMITH *v.* BILLETT *et al.*

WHERE an amended complaint in ejectment sets up title acquired after the commencement of the suit, and a judgment by default is regularly entered, the judgment is valid.

If the defendant interpose no objection to trying the case on such subsequently-acquired title, he cannot object after judgment.

After judgment by default, in ejectment, a jury trial cannot be awarded, there being no issue.

Questions of discretion in the Judge below not reviewed in the Supreme Court, except in cases of gross abuse, to the injury of the party.

APPEAL from the Sixth District.

After the amended complaint was filed, and the time for answering it had expired, the Clerk entered a default. Subsequently, the cause came on for trial before the Court, when defendant's attorney demanded a jury. The Court denied a jury trial, and proceeded with the case. Plaintiff read the default, the amended complaint, and gave evidence as to title and possession. Judgment for plaintiff for possession of the land. Defendant appeals.

*E. B. Crocker*, for Appellant.

1. In ejectment, the complaint cannot be amended, by setting up a

demise, *or title acquired after the commencement* of the suit. (Adams' Ejectment, 227; *Cox* v. *Lacy*, 3 Littell, 334; 6 Monroe, 259.) Nor by adding a demise from another person; nor by adding another tract. (1 Marshall, 450; 3 Litt. 237; 4 Monroe, 124, 442.) And an amendment will not be allowed which introduces a new substantive cause of action. (17 Johns. 346; 1 Cow. 156; 1 Marshall, 450; 3 Litt. 237.) And although our statute respecting *amendments* is liberal, yet it no where allows supplementary matter to be set forth by way of amendment. (*Ramirez* v. *Murray*, 5 Cal. 222.)

2. The amended complaint does not state facts sufficient to constitute a cause of action, as it shows that at the commencement of the action, the plaintiff had no title or right to the possession, the same being vested in Lewis Sanders, Jr.; and it further shows, *that the plaintiff was in possession of the property after the commencement of the suit;* and that the alleged ouster by defendant occurred afterwards. In ejectment, the plaintiff *must have the legal title and right of possession at the commencent of the action.* (5 Harr and Johns. 164, 155; 2 Dana, 68; *McCullock* v. *Cowher*, 5 Watts and Serg. 427; *Alden* v. *Grove*, 18 Penn. State, 377; *Cheney* v. *Cheney*, 26 Vermont, 606; *Laurissini* v. *Doe*, 25 Miss. 177; 4 Vt. 105; *Tryon* v. *Tryon*, 16 Id. 313; *Wilson* v. *Inloss*, 11 Gill and Johns. 351.) So a title acquired after the date of the demise laid in the declaration, cannot sustain the action. (3 McLean, 302; 6 Binn. 454; 11 Ill. 547; 12 Geo. 166; 6 Monroe, 259.) This point need not be raised by demurrer; it is a fatal objection in every stage of the case, and may be urged in the Supreme Court for the first time, though in this case it was urged on the motion for new trial. (*Russell* v. *Ford*, 2 Cal. 86; *Harlan* v. *Smith*, 6 Id. Rep. 173; *Abbe* v. *Marr*, 14 Cal.)

3. An answer was on file to the original complaint, and the Clerk could not enter a default for not filing another answer to the amended complaint. (5 Marshall, 522.)

4. Error in trying the case by the Court, without a jury. (*Cahoon* v. *Levy*, 5 Cal. 294.)

6. The Court erred in admitting the amended complaint as evidence.

*George Cadwalader*, for Respondent.

1. The amended complaint is perfect in its form, setting out with precision the proper elements of a declaration in ejectment. Between the original and amended complaints, this difference exists. In the former, the cause of action is,

Smith *v.* Billet.

*Right in plaintiff to possession of premises,* 23*d May,* 1857 ; the latter, *right in plaintiff to possession of the premises,* 13*th March,* 1858.

But the amended pleading takes the place of, and supercedes the original. *( Seneca Bank* v. *Garlinghouse,* 4 How. P. R. 174 ; Vansantvoord on Pleading, 501.)

The amended complaint *is not void,* but *irregular,* in setting up a *new title,* obtained after the institution of the suit.   Such an objection, of course, would not have any force after entry of default for want of an answer, particularly as no default was taken until three months after the time for answering had expired.

The objection that the amended complaint set up a title acquired after the commencement of the suit, must be taken in a proceeding to strike it out, as an abuse of the amending power.   This not being done, the objection must be considered as waived.   (*Hollister* v. *Hollister,* 9 How. 140 ; *West* v. *Norton,* 25 Wend. 699 ; *City of Buffalo* v. *Scranton,* 20 Id. 677 ; *Platner* v. *Johnson,* 3 Hill, 477 ; *Wright* v. *Forbes,* 3d How. 240 ; 2d Id. 146 ; 3d Id. 54 ; 7 Id. 478.)

As to waivers of original rights, see *Smith* v. *Curtis,* 7 Cal. 584 ; *Dunn* v. *Tozer,* 10 Id. 167 ; *Griffin* v. *Cohen,* 8 How. 451 ; *Rogers* v. *Rathbun,* 8 Howard, 466.

In *Winn and Wilhite,* (5 J. J. Marshall, 521*)* and *in point,* Chief Justice Robertson said :

" At common law, where a defendant sets up matter *puis darrein continuance,* the plaintiff could take issue upon it, and thus avail himself of facts occurring after the institution of the suit."

In this State, our practice, resembling more that of the Courts of Equity than those of common law, we see no good reason why the Equity rule should not apply, instead of the more stringent, less reasonable practice of the common law Courts.   We take the broad ground, that plaintiffs in ejectment should have the right to plead supplemental matter by amendment.   Many good reasons can be assigned why this should be the rule.   (See *Jackson* v. *Kough,* 1st Caine's Cases, 251 ; *Power* v. *Boyce,* Ireland, Pasch. 1802 ; 1st Sch. & Lefroy, 81 ; *Taylor* v. *Taylor,* 3d Marshall, 19 ; 43d section Practice Act.)

2. The default waived a jury.   (Practice Act, sec. 150, 2d sub.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

3

Smith *v.* Billet.

· · The transcript in this case is not in a plain, legible hand, as required by the rules of this Court. We call the attention of the Clerk below to this fact, that the same defect may not again appear.

This action was ejectment. The plaintiff, after demurrer to the original complaint, filed an amended complaint, in which he set up title accruing to him after the commencement of the suit. To this complaint there was neither answer nor demurrer. A default was entered. It is said now, that the judgment afterward, by order of the Court, was irregular, and should be reversed. We do not think so. It may be very true, that the plaintiff can only count on the title existing in him at the time of the suit, if the defendant does not, directly or impliedly, consent. But it is for the defendant to interpose his objection to a pleading setting up the subsequently acquired title. If he consents, by not opposing, to the plaintiff's trying the subsequently acquired title, we do not see that he can afterward object to the error, of which he has neglected, at the proper time, to avail himself. Such a judgment would not be void, but only irregular; not even irregular, if the defendant interpose no objection to it. The defendant may see that it is his interest to conclude the controversy by trying this question of title, though irregularly brought into the controversy.

Upon the face of the complaint a good cause of action appears; and it would be going beyond precedent or reason, to hold the action of the Court void, in giving effect to such a complaint, when no objection is urged by the only party who could take exception to it. If the defendant had regularly gone into a trial on the merits, upon issue joined on such a complaint, it is clear he could not then have objected to the judgment; and a judgment by default, which confesses the whole cause of action, is not less conclusive.

2. There was no error in refusing a jury trial after the default, for the simple reason that there was no issue to try.

3. The other points involve only questions of discretion of the presiding Judge, in controlling and conducting the proceedings, which we never review, unless in extreme cases, where the power of the Court is grossly abused, to the oppression of the party; and we do not see that this is manifested by the proceedings here complained of.

Judgment affirmed.