## ROBERT HENDERSON, RESPONDENT, v. THOMAS MORRIS, APPELLANT.

SURPRISE—WHEN PROCEEDINGS RENEWED FOR.—When a party has been misled or taken by surprise by the act of the adverse party, it devolves on him to bring the fact to the knowledge of the Court, and if he seeks to review the point on appeal he should make the showing a part of the record.

REVIEWING MATTER OF DISCRETION.—Allowing or refusing an amendment is addressed to the discretion of the Court, and will be reviewed only for the purpose of determining whether there has been an abuse of discretion. Error will not be presumed.

APPEAL from Yamhill County.

The facts are stated in the opinion of the Court.

*Hurley & Sullivan and Boise & Willis*, for Appellant.

*John Catlin and Thayer & Williams*, for Respondent.

By the Court, UPTON, C. J.:

The appellant was defendant in the Circuit Court, and he assigns as error a ruling permitting the plaintiff to amend his complaint, and also a ruling permitting the plaintiff to read in evidence a transcript of the plaintiff's book of accounts.

The first count of the complaint was for money loaned, in the amount of four hundred dollars. The amendment was permitted in reference to another count which, in the original complaint, was as follows: "Plaintiff for further cause of action alleges that the defendant is indebted to the plaintiff in the sum of two hundred and sixty-nine dollars and eighty-eight cents, balance upon an account for money deposited, for goods sold and delivered to the defendant, for money paid to the defendant at the defendant's request, one thousand dollars check sold, assigned and delivered to the defendant between the 17th day of June, 1871, and the 14th day of March, 1872, a statement of which account is hereto attached and made part of this complaint." The defendant answered the complaint, without objection to its form, admitting that he purchased the check of the plaintiff for one thousand dollars, but alleging that he paid for the check in money at the time of the purchase. The defendant also set up a counter-claim for goods sold and for money paid to the plaintiff. The replication admits that at the time the check was sold to the defendant the defendant handed to the plaintiff one thousand dollars therefor, but alleges that on the same day the plaintiff deposited the same money with the defendant. Upon these pleadings the parties went to trial before a jury, and it was shown in evidence that the plaintiff sold the check to the defendant, who handed to him the money (one thousand dollars) for it, and that immediately after receiving the money the plaintiff returned it to the defendant and left it in his hands. After the introduction of the evidence and before the argument, the plaintiff was permitted to amend the complaint, and to proceed for the one thousand dollars, thus received for the

check, as if he had originally declared for that amount of money deposited.

The appellant claims that it was error to permit the amendment; that he was taken by surprise; that the complaint as amended is insufficient to entitle the plaintiff to recover or receive credit for the one thousand dollars last mentioned, as a deposit, and that it was error for the court to admit testimony of the deposit of this amount.

It is obvious from what appears in the transcript that the parties proceeded with the trial and presented their evidence in the same manner they would have done if what is alleged in the replication, as to the payment and 'return or deposit of this money, had been set forth in the complaint; and the real question to be considered is not whether this complaint would have been good on demurrer, but whether the court erred in permitting the amendment. Sec. 94 of the Code of Civil Procedure enacts that, "No variance between the allegation in a pleading and the proof shall be deemed material, unless it have actually misled the adverse party to his prejudice."

Upon the filing of the replication the defendant was informed of the true nature of the plaintiff's demand, and if he was not satisfied with that mode of setting out the facts —if he was of opinion that the deposit of the money was not a proper matter to be plead in the replication—he could have tested that question before trial, by filing a demurrer. The replication having apprised him of the nature of the plaintiff's case, after going to trial with such knowledge and without objection to the form of the pleadings, he cannot reasonably say he was taken by surprise. It was urged on the argument that the error of admitting evidence of this deposit before the complaint was amended is a good ground for a new trial, but the transcript does not show that the evidence was objected to at the time. It does not appear by the transcript that the appellant was misled or taken by surprise, or that he excepted to any ruling on this point until permission was given to amend. On the contrary, it appears that he was apprised before the trial commenced of the nature of the plaintiff's claim. When a party claims

that he was taken by surprise, he should bring that fact to the knowledge of the court where the surprise occurs; and if he wishes to review the decision of the Circuit Court in refusing to grant relief, the transcript should disclose what showing was made in the Circuit Court. (*The American River W. and M. Co.* v. *The Bear River W. and M. Co.*, 11 Cal. 339; *Karth* v. *Orth*, 10 Cal. 192; *Rabe* v. *Wells*, 3 Cal. 426.)

The question of allowing or refusing an amendment is addressed to the discretion of the court, and is reviewable only for the purpose of determining whether the exercise of discretion has been abused. (*Hedges* v. *The Tennessee Marine and Fire Insurance Co.*, 8 N. Y. (4 Seld.) 418; *Rice* v. *Gashirie*, 13 Cal. 53; *Smith* v. *Billett*, 15 Cal. 26.)

It is urged, however, that this amendment should not have been permitted, because it substantially changes the cause of action; that an action for money deposited is substantially different from a cause for the value of a check or bill of exchange sold and delivered.

The facts disclosed by the pleadings and the circumstances adduced in evidence, so far as the evidence is disclosed by the transcript, show that both the original and the amended complaint relate to the same transaction; and it is difficult to say from the evidence, even after the trial, whether the transaction should be deemed a sale of a check, or a deposit of money. The plaintiff actually sold a check to the defendant, but whether its price remained unpaid, or whether it should be deemed paid and the money deemed placed on deposit under a new contract of bailment, is not made certain by the evidence presented in the record. It would not be extraordinary if, in such a transaction, the parties themselves gave no thought to this distinction, and are now unable to inform a court or jury whether the amount due is due upon the sale or as a deposit. The case seems to be fully within § 95 of the Code, which enacts that "where the variance is not material, the court may direct the fact to be found according to the evidence, or may order an immediate amendment without costs;" and we think § 104, which requires this Court to disregard errors and defects "which shall not affect the substantial rights of the

adverse party," is designed to prevent judgments from being disturbed upon grounds like the one here referred to.

In determining whether there was error in admitting in evidence a transcript from the plaintiff's books of account, it may be first considered whether the books of account, if presented, would have been admissible. The respondent cites *Le Frank* v. *Hewitt* (7 Cal. 186), and some other authorities, to establish the point that a party, in case he has no clerk and has kept his own books of account, may, upon a proper showing, be permitted to introduce his books of account to charge the adverse party; and these authorities are met with the argument that, since parties may now be witnesses in their own behalf, the reason of the rule has disappeared, and the rule should no longer be recognized. The respondent also claims that the point cannot be considered in this Court, because, although it appears by the bill of exceptions that the defendant objected to the evidence, the bill of exceptions does not disclose the grounds of the objection, and he cites *Rabe* v. *Wells*, 3 Cal. 148; 18 Wend. 262; *Jencks* v. *Smith*, 1 Coms. 92.

It may be fairly deduced from the transcript that the defendant objected to the evidence on the ground that the books were not competent testimony. Without going into the question whether a party may introduce his own books of account to prove the delivery of goods, or the payment of money, we think the books become admissible upon another and entirely different ground. There was annexed to the complaint an account, or bill of items, and the defendant, in cross-examination, asked of one of the plaintiff's witnesses, whether that account was not copied from the plaintiff's books, and the witness answered that it was. The record does not disclose whether evidence was introduced to sustain or rebut the answer thus given; but the defendant, having put the question and taken the witness's answer, cannot ask the Court to assume that the evidence was inadmissible. If the object was to contradict or discredit the witness, it may have been important to the plaintiff to establish the truth of the answer; if so, the books become material and competent evidence. The record is

silent as to whether a sufficient showing was made to authorize the introduction of the transcript in place of· the original books, and it does not appear that an exception was taken on the ground that the original books were not produced.   It devolves on the appellant to show the error affirmatively, and as the transcript does not disclose an error affecting a substantial right,  the judgment should be affirmed.