THIS case came up on appeal from the Court of Chancery sitting in New Castle County. The suit was originally brought in that court by information in the name of the attorney-general on the relation of three of the children of John Thompson and John Thompson, against William II. Thompson and Jane M. Thompson, the defendants below, the other two children of the said John Thompson. The object of the suit was to set aside a certain conveyance purporting to have been made by John Thompson and wife to the two defendants below, which it was charged was void by reason of the imbecility of the grantor and undue influence exercised in obtaining the same. The defendants filed several answers, that of Jane M. Thompson admitting, and that of William H. Thompson denying, the material facts of the case, and testimony was taken at great length on both sides, and the cause set down for hearing. At the hearing, the defendant moved to dismiss the information for want of jurisdiction upon the ground that such a proceeding in the name of the attorney-general was unknown in this State. After argument upon this motion, the chancellor being of opinion that the objection to the form of proceedings, application was made by the complainants below to amend the information by striking out the name of the attorney-general and inserting the name of a next friend and by such other apt amendments as should be necessary to make the proceeding in form a bill only filed in the name of John Thompson by a next friend. After argument upon this motion, the chancellor made an order, dated January 17, 1879, allowing the amendments moved for, and they were *Page 226 
thereupon made. Shortly afterwards, John Thompson died before a final hearing, and in accordance with the rules of that court upon due application, his heirs at law were made parties complainant, and upon final hearing the chancellor made a decree declaring the conveyance void, and setting the same aside. From this decree an appeal was prayed and granted, and the sole cause of appeal alleged is that the chancellor erred in making the order of January 17, 1879, allowing the said amendments.
Whitely for the appellants. The discretion of the chancellor in his court does not extend to the making of entire change of the parties in a case by way of amendment. It was originally an information in the name of the attorney-general, and nothing more, and not an information and a bill in chancery; and the chancellor ordered the information, which was all there was of it, but refused the motion to dismiss the suit, and by way of amendment allowed it to be converted into a bill in equity and to be signed by Clara Thompson as next friend of John Thompson, alleged to be insane, and made complainant in lieu of the attorney-general. But this was not an amendment. It was an entire change or conversion of such an information into a bill. In an information there is no party complainant but the attorney-general. He was sole complainant. John Thompson, the alleged insane person, was no party, and it was for him the attorney-general appeared by way of information. A man of unsound mind cannot be a party in any suit, either in a court of law or court of equity. Relators are not parties. The object in requiring that there shall be relators, that there may be some one responsible for costs, in case information is improperly filed. 2 Dan. Ch. Pr., 1543; Carpenter v. Jackson, 2 Ver., 495; 1 Dan. Ch. Pr., 9, 10, 14. The relator can take no step in the cause in his own name and independent of the attorney general. Parkerv. May, 5 Cush., 337; Atty. Gen. v. Wright, 3 Beav., 447; Story's Eq. PL., § 8. Therefore, when the name of the attorney-general was struck out, there was nothing to amend by, as there was no other party complainant left. *Page 227 
The plaintiff in a suit in equity must personally have a good cause of action, or the suit cannot proceed, and the bill must be dismissed. No amendment by adding a party or parties who have a good cause of suit, or substitution of such parties as plaintiff, is permissible. Burt v. Brit. Nat. Life Ass., 61 Eng. Ch. Rep.; Hubbellv. Warren, 8 Allen, 173; Carpenter v. Jackson, 2 Ver., 495. The objection was taken in the court below as soon as it was called up. Mitf. Eq. PL., 180.
Bates for the appellee. It is a general principle that as to all matters of discretion, the decision of the court exercising such discretion is final, and is not the subject of appeal. Watsonv. Walker, 33 N.H., 131; People v. N.R.R. Co., 53 Barb., 98; Read v. Hodgins, 2 Moll., 381; Forrestv. Forrest, 25 N.Y., 501, 520; 9 Ire., 360; 14 Ver., 501;15 Cal., 23. And the subject of amendment is one which lies purely within the discretion of the court. Tiernan's Exrs. v. Woodruff, 5 McLean, 135. And that case was in a court of law, and not in a court of equity. And even in this State with respect to amendments in courts of law, or in the Superior Court, a statute was necessary to give a right of review in this court. Rev. Code, chap. 112, § 17; and it is confined to amendments made at the trials doubtless because such orders are not unfrequently made without opportunity for deliberation. And if such legislation was necessary with respect to our law courts, it would only be the more necessary with respect to a court of equity. The right of appeal given by our constitution does not determine what is appealable, but for that refers manifestly to the existing law in regard to it. The constitution authorizes the Court of Errors and Appeals to determine "all matters of appeal in the interlocutory or final decrees and proceedings in chancery," that is to say, such matters as are or have been held by the decisions of this court to be properly appealable. But it has been held in this court that the right of appeal under the constitution of 1792 was not enlarged, but secured. Tatem et al.v. Gilpin, 1 Del. Ch., 20. And the language of the present constitution is not susceptible of any other construction. *Page 228 
It is a well-settled general rule that the discretion of courts in granting amendments will not be reviewed on appeal, and is therefore not appealable. Beck v. San Francisco, 4 Cal., 375. And upon the same principle it has been held that an appeal does not lie from the refusal of a court to permit a party claiming an interest in a suit to be made a party. Roberts v. Patton, 8 Mo., 485; Calhounv. W. W.R.R. Co., U.S.C.C. Delaware Courts of Appeal will not review decisions below which involve costs merely. And an appeal after judgment on the merits does not open the question of the propriety of amendment. Parker v. Barker, 43 N.H., 35.
But if the court should deem that the exercise of the Chancellor's discretion in allowing this amendment is a proper subject for consideration upon appeal, we contend that the order in question was properly made. The doctrine of amendment is not one of favor to parties or to counsel, but it is a power exercised in the discretion of the court for the furtherance of justice. Founded upon the infirmity incident to all proceedings, it is an essential part of any system for the administration of justice. Hence a growing disposition to exercise the power liberally for that purpose, alike in courts of law and courts of equity. At first, less so at law, in consequence of its more technical and rigid forms. Hence, statutory provisions on the subject in relation to proceedings at law; and our own show the most liberal policy. In this State the power and duty of amendment is carefully provided in the Constitution, and afterwards more specifically by the statute of 1851, and the policy and importance of the power is discussed in the case of Godwin's Use v. Collins, 1 Harr., 217; 1 Dan. Ch. Pr., 402. And in that case just referred to in first Harrington's reports the limitations upon the doctrine are definitely settled both as to the proper time, for the application to amend and the matter of amendment. As to time the rule is this: Up to the closing of proofs the case is in fieri and amendments both of substance and of parties are allowed as of course. After the closing of proofs, amendments of substance are allowed not of course, but under special circumstances in the discretion of the court where justice requires it. This is as to substance. As *Page 229 
to parties amendments are allowed more liberally, and at all times so long as the case is within the control of the court i.e.,
before decree is entered. And even after appeal the appellate court will allow amendment as to parties when necessary. 1 Dan. Ch. Pr., 402 and notes; Bierdermann v. Seymour, 1 Beav., 594; Huntv. Rousmaniere's Admrs., 2 Mass., 365; Lewis v.
Darling, 16 How., 1. The only limitation to be derived from the decisions as to the amendment of parties is, that it must not be such as to make a new case, either by a change of the claim, or by an entire substitution of new parties in interest. The rule therefore is, that new parties in interest, such as make a new case, cannot be substituted; but any amendment is admissible to make the real party in interest, for whose benefit the suit is brought, the party on the record; if sui juris, to make him a party in his own name, but if under any disability, to make him a party by next friend or other representatives as may be necessary. A great variety of cases similar to this case illustrate this principle. The amendment in this case did not touch the claim or substance of the suit, but only made John Thompson, who, on the face of the information, was the party for whose benefit it was instituted, the formal party by his next friend in the amended proceeding.
It appears, from the record in this case, that it was originally begun by an information by the attorney-general, upon the relation of John Thompson, a person alleged to be of weak mind, and the said John Thompson himself, to avoid a deed to the said defendants which he and his wife sealed and delivered and acknowledged in due form; but which it was alleged he, by reason of his infirmity of mind, was incapacitated from executing so as to be bound by it. The solicitor for the complainant discovering, after the appearance of the defendants, that the proceeding ought to have been by bill and by a next friend, applied to the court for leave to amend the proceeding by making what was an information technically a bill, and also by substituting Clara Thompson as a next friend of the said John Thompson, instead of the attorney-general, acting ex relatione. This application *Page 230 
was granted, and the case proceeded to hearing upon proofs before the chancellor, and the decree against the respondents from which this appeal was taken.
There is but a single cause of appeal prosecuted by the appellants, the respondents below, and that is that the amendment ought not to have been allowed. The question, therefore, made in the argument, was upon the power of the chancellor to allow such an amendment; the appellants contending that there was no power in the chancellor to allow the amendment made, for the reason that a total change of parties complainant was made, and the information was turned into a bill. The answer made was, that John Thompson, the non compos was an original party, and so remained since the amendment, though now acting through a next friend, instead of relator to the attorney-general; and that informations and bills were, in all essential particulars, the same; and the change in this case was a proper one, and not unusual in chancery cases.
The subject of the appeal was thoroughly discussed by the learned counsel on both sides, with the aid of authorities — the respondent in this court contending also that the act of the chancellor, in allowing the amendment mentioned, was not subject to be reviewed in this court; and upon consideration of the subject we are of opinion that the objection to review of the leave granted to amend, is well taken; and that is all we have need now to deicde.
The power to grant amendments to proceedings in it, inheres in every judicial tribunal; and will always be exercised in the interest of justice. It is, however, a discretionary power, and not ex debilojustitice; though, practically, courts treat it almost as such. But being discretionary, it is not reviewable elsewhere, unless there be usage to that effect, or some positive provision of law. It was not made to appear in the course of the argument by the learned counsel for the appellant, that there was any such usage, nor do we know of any; in fact, he seemed to treat the act of the chancellor as in the light of an interlocutory decree, and we suppose that is the view he really took of it. *Page 231 
The 7th section of article 2 of the constitution of this State provides (speaking of this court) as follows:
"The Court of Errors and Appeals shall have jurisdiction to issue writs of error to the Superior Court, and to receive appeals from the Court of Chancery, and to determine finally all matters in error in the judgments and proceedings of said Superior Court, and all matters of appeal in the interlocutory or final decrees and proceedings in chancery.
We understand this language to mean that there shall be an appeal from chancery in the case of interlocutory decrees and final decrees, and the proceedings belonging to or connected with each; and not to all proceedings whatever in the course of the suit. If the leave given to amend is an interlocutory decree, then an appeal from it or from the final decree founded upon what grew out of it, would undoubtedly lie; because it comes within the provision of the 7th section of the 6th article of the constitution above quoted. What is an interlocutory decree, is stated in the first volume of Harrison's Chancery at pp. in this language:
"A decree is interlocutory, when it happens that some materialcircumstance, or fact, necessary to be made known to the court, is either not stated in the pleading, or so imperfectly ascertained by them, that the court, by reason of that defect, is unable to determinefinally between the parties; and therefore a reference, or an inquiry before, a master, on the trial of the facts before a jury becomes necessary to have the doubts occasioned by that defect removed; the court, in the meantime suspends its final judgment, until by the master's report, or the verdict of a jury, it is enabled to decide finally."
From this citation, it cannot be maintained that leave given to amend the pleadings in the suit is in any sense an interlocutory decree, but is an order made in the usual course of the practice, of the court; and, therefore, not reviewable by another tribunal. If re-examination could be had, in another court, of the grounds or propriety of the exercise of discretion, there would virtually be no independent discretion at all; and courts of review would be overwhelmed with cases of mere practice. No writ of error *Page 232 
lies from the action of the Superior Court in granting or refusing an amendment except, when the permission, or refusal, to make such amendment, is during the trial of the cause: Vide
§ 17, of chap. xii., of the Revised Code, p. 692. For this exception to the general law on the subject of discretionary proceedings, there may be a good reason assigned, to wit: the want of time for consideration when a trial is progressing. It is, however, the only exception to the rule, that the discretion of a court, in a matter of practice in it, cannot be interfered with.
The opinion of this court therefore is, that the decree of the chancellor in this case be affirmed; and a decree is ordered to be drawn accordingly.