Shearer, J.
The testimony, all of which is set out in the bill of exceptions, shows the sale for taxes to have been invalid by reason of irregularities in the proceedings of the auditor and treasurer of the county in the matter of such sale. But does that fact avail the plaintiff in error ? Her rights are not dependent upon the validity or invalidity of the tax-sale, but upon her compliance with the provisions of the statute prescribing the duty of tenants for life in respect to the payment of taxes upon the lands out of which their estates are carved.
Section 2852 of the Revised Statutes provides, among other things, that “ if any person, who shall be seized * * * of lands for life, shall neglect to pay the taxes thereon so long that such lands shall be sold for the payment of the taxes, and shall not within one year, after such sale, redeem the same according to law, such person shall forfeit to the person or persons next entitled to said lands in remainder or reversion,'all the estate, which he or she, so neglecting as aforesaid, may have in said lands,” etc.
The contention is narrowed down to the question as to how and when the forfeiture becomes operative; whether by force of the terms of the statute, or by virtue of a decree entered in an action to declare a forfeiture.
It is claimed that no forfeiture can arise from an invalid tax-sale; that the right of redemption is not limited or affected by such a sale; that an invalid sale is no sale, and that in a case like this the right of redemption continues for one year after a valid sale for taxes is had; and that, then, the forfeiture is inoperative until declared by a court of competent jurisdiction in an action for that purpose.’
The forfeiture in such case, does not depend upon the validity of the sale. It is the penalty annexed by statute for the failure to pay taxes for a given period, to-wit: “ For so long a time that the lands shall be sold,” etc., and for a failure to redeem within a year after such sale.
*317 The word “sale/’ in this connection, is used as a term of limitation, to fix the time when the forfeiture will arise. If the taxes remain unpaid for such a time as that they become delinquent, and the dutydevolyes upon the fiscal authorities to sell the lands, and they are sold, and the'tenant for life fails for a year thereafter to redeem, the statute declares he shall forfeit his estate. This provision merely fixes the time of the forfeiture. - For this purpose the validity or invalidity of the sale is immaterial. The faet of the sale is the material consideration — in connection with the failure to redeem- — -in determining when the forfeiture takes effect. •
If the forfeiture is to be postponed until such time as a valid sale is had, and for one year thereafter, peradventure, by reason of a succession of sales, void, as between the owner and the purchaser, for irregularities, the life tenant may enjoy his estate, for years, paying no taxes, thus imposing an unjust and grievous burden upon the remainderman, who must redeem in order to protect his inheritance. Such a possibility was not intended.
There is no injustice in the construction we give to the statute. It is only fair that the tenant for life in the enjoyment of the rents and profits of the land should pay the taxes ; and if she fails to do this, she cannot complain of the forfeiture which follows as a consequence of her default. The construction insisted upon on behalf of plaintiff in errror involves the possibility of such great injustice to remaindermen and reversioners, that it cannot be adopted as within the legislative intent.
These views are not in accord with the holding of the Superior Court of Cincinnati in Johnson v. Pettit, 1 C. S. C. R. 25. That case in many respects is like the one at bar. The court say, that the statute does not create a forfeiture per se; that the intervention of a proper tribunal is necesary to declare it, and the right of redemption continues until such adjudication.
S. L. Wicoff, for plaintiff in error.
Royon & Hess, and O. M. Hughes, contra.
The learned judge who decided the case seems to have overlooked the case of McMillan’s lessee v. Robbins, 5 Ohio, 28. That was an action of ejectment by the reversioner to recover possession of lands from the tenant for life, claiming a forfeiture of the life estate for non-paymeut of taxes.
The statute, in force when that case originated, was, so far as the question under consideration is concerned, the same as the present law. It declared that “ every person * * * seized for life * * * neglecting or refusing to * * * pay the taxes on the lands of which he or she is so seized * * * shall forfeit to the person or persons entitled to said lands, either in remainder or reversion, all the estate to which he or she, so neglecting or refusing, may have in said lands.” 2 Chase, 1368.
The Supreme Court, in construing this provision, say: “ It is * * made the duty of those who may be seized for life of any lands * * * to pay the tax, and upon their failure to do so, it declares their estate shall be forfeited; in other words, that it shall terminate, and the person having the remainder or reversion may enter.” And upon the right of redemption, the court say: “ No person has a right to redeem lands sold for taxes unless he has some interest. The interest of the tenant for life is forfeited, not by the sale, but by his neglect and refusal to pay the tax. When the failure is established, the interest of the tenant is ended.”
From this it seems that the failure to pay the tax, under the statute then in force, ipso facto worked a forfeiture; and it follows that, under the present statute, the failure of the plaintiff in error to pay the taxes upon her life estate, and to redeem within a year after the sale, wrought an absolute forfeiture of her estate.

Judgment affirmed.