## ABRAHAM JEFFS, *et al.*, v. ROBERT FLICKENGER.

1. PLEADINGS; PRACTICE; *Answer Filed out of Time.* An answer filed two days after time, is improperly filed, and should, on motion, be stricken from the files.

2. —— *Reply; Waiver.* But if in such a case the plaintiff, thirteen days after the filing of the answer, having first applied to and obtained the written consent of the defendant therefor, files a reply thereto, he waives any irregularity in the time of filing the answers, and consents that the case may be tried upon the issues raised thereby.

*Error from Doniphan District Court.*

JUDGMENT, at the April Term 1874, in favor of *Flickenger* and against *Jeffs* and wife, and two others, as upon default. A motion to set aside the judgment, and for a trial upon the issues joined before the judgment, was overruled, and the defendants bring the case here on error.

*W. D. Webb,* for plaintiffs in error, contended that the filing of the reply to the answer was a waiver—and cited 5 Kas., 259; 8 Kas., 224; 2 G. Greene, 9; 11 Wis., 81; 13 Wis., 339; 18 Wis., 63; 20 Wis., 152.

*B. O'Driscoll,* for defendant in error, contended that the records in this case do not speak the whole truth, as the same were made up after term. There is no error in the judgment, the same was properly rendered the last day of the term, and after plaintiffs in error refused to verify their answer; 5 Kas., 392; 9 Kas., 511.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by defendant in error to foreclose a mortgage. An answer was filed two days after time. It set up certain payments on the note. Thirteen days after the filing of the answer, the plaintiff, having first obtained the written consent of the defendants' attorney thereto, filed a reply. During the then pending term judgment was taken by the plaintiff as by default, and without any motion or other effort to rid the files of the answer and reply, or either of them. A motion was duly made to set aside this judgment and reinstate the case for trial upon the pleadings, but the motion was overruled. It is insisted by counsel for defendant in error that the record is incorrect, and fails to state the truth. This may be unfortunate for him; but we must take the record as it is, and upon that dispose of the case. And upon that record we think the court erred in treating the case as in default. While the answer (filed as it was out of time,) was improperly filed, and should upon motion have been stricken therefrom, yet when the plaintiff elects to file a reply thereto, and particularly when he applies to and obtains from the defendant's counsel written consent therefor, he waives the irregularity in the filing, and consents that the case may be tried upon the issues raised by the pleadings, including the answer. *Luke v. Johnnycake,* 9 Kas., 518;

*Osgood v. Haverty,* McCahon's Rep., 182.   The error was material, for it prevented a trial of the allegation of partial payments.

The judgment must be reversed, and the case remanded for another trial.

All the Justices concurring.