[Argued November 22, 1892; decided December 26, 1892.]

## S. O. GARRISON $v.$ J. C. GOODALE.

[S. C. 31 Pac. Rep. 709.]

1. AMENDMENT OF PLEADINGS — CODE, § 101 — DISCRETION OF TRIAL COURT.— An application to amend a pleading is always addressed to the discretion of the trial court, and will not be reviewed on appeal except for an abuse of such discretion. *Henderson* v. *Morris*, 5 Or. 27; *Hexter* v. *Schneider*, 14 Or. 187; *Mitchell* v. *Campbell*, 14 Or. 457; and *Wallace* v. *Baisley*, 22 Or. 574, approved.

2. IDEM — PRACTICE AND PLEADING.— The practice in allowing amendments to the pleadings should be liberal, especially in favor of the defendant, who, by the refusal of an amendment, may forever lose his defense. *Swift* v. *Mulkey*, 14 Or. 63; and *Baldock* v. *Atwood*, 21 Or. 79, approved; but the application to amend should be supported by affidavit, showing some reasonable excuse for the delay. In the absence of a supporting affidavit, the presumption that the action of the lower court was correct will prevail.

3. RES GESTÆ — CONTEMPORANEOUS DECLARATIONS — EVIDENCE.— A statement by defendant that he intended to pay a certain mortgage held by plaintiff against a third person, made a few hours before it is claimed he agreed with plaintiff to pay this mortgage, is admissible as part of the *res gestæ* for the purpose of illustrating the subsequent agreement, and as a circumstance to be considered by the jury in corroboration of plaintiff's claim.

Lane County: MARTIN L. PIPES, Judge.

Action by S. O. Garrison against J. C. Goodale on an oral agreement to pay a chattel mortgage. From a judgment for plaintiff, defendant appeals. Affirmed.

*Lawrence Flinn*, and *A. E. Gallagher*, for Appellant.

*A. C. Woodcock*, and *Geo. A. Dorris*, for Respondent.

This is an action brought upon a complaint which, in substance, shows that on July 3, 1889, one W. H. Striker

executed and delivered to plaintiff his promissory note for $1,250, payable in one day from that date, and in order to secure the payment thereof, at the same time executed and delivered to plaintiff his chattel mortgage upon a quantity of saw-logs, which mortgage was duly filed and became a lien thereon; that on January 10, 1890, Striker paid plaintiff $700, which sum was endorsed on the note, and a portion of the saw-logs were released from the lien of the mortgage; that on March 14, 1890, Striker, without the knowledge or consent of · plaintiff, sold and delivered to defendant the remainder of the saw-logs described in the mortgage, and. the defendant, in consideration of the release of the mortgage, agreed and promised to pay plaintiff the amount then due on the note; and plaintiff, relying upon the promise of the defendant, released the property from the lien of the mortgage and allowed it to expire, but that defendant had not paid any part of this sum.

An answer was filed denying each allegation of the complaint except the sale of an undivided one-half of the saw-logs, and averring that the other undivided one-half was then owned by another person. A reply was filed November 14, 1891, and the trial postponed until the March term, 1892, of the court, which began on the seventh of that month. On the eleventh of March, when the case was called for trial, and while the jury was being empaneled, the defendant, without having given any notice thereof or reasons therefor, moved the court for leave to file an amended answer, which, in substance, contained the following, in addition to the original: It alleged a settlement between plaintiff and defendant, made some time subsequent to the purchase of the logs from Striker, whereby defendant agreed to pay to plaintiff a given sum for each one thousand feet of logs secured by him from the mortgaged stock; and also alleged a payment of money by defendant to plaintiff which was plead as a set-off and counter-claim to the claim of plaintiff. The court denied the motion, and defendant was

obliged to go to trial, at which evidence was admitted, over the objection of defendant, tending to prove that the contract between Striker and defendant for the sale of the logs was completed March 14, 1890, at about 9 o'clock in the morning, and that during the negotiations the defendant said he·intended to make a contract with plaintiff to pay off the Striker mortgage if plaintiff would release the logs; that he had to do this before Striker would do anything about selling the logs to him.   And in rebuttal, the evidence tended to prove that before Striker would agree to sell the logs or make a bill of sale of them, the defendant was obliged to agree to pay plaintiff the amount of his mortgage; that, at the time, the amount so due on the mortgage was computed, and defendant agreed to pay it before any bill of sale was drawn up for the transfer of the logs.

A verdict and judgment were rendered for plaintiff, from which defendant appeals and assigns as error the refusal of the court to grant defendant leave to amend the answer, the introduction of this testimony and the charge of the court in relation to the same, and objects to the admission of any declaration made by defendant in relation to the expression of an intention to settle with plaintiff, and to pay him more than the value of the logs, as not a part of the *res gestæ.*

MOORE, J. (after stating the facts).—1. Section 101 of Hill's Code provides that "the court may, at any time before ₒtrial, in furtherance of justice, and upon such terms as may be proper, allow any pleading or proceeding to be amended,   *   *   *   when the amendment does not substantially change the cause of action or defense." In *Mitchell* v. *Campbell,* 14 Or. 457 (13 Pac. Rep. 190), STRAHAN, J., lays down the rule as follows:   "In ordinary cases, the court will not interefere with the discretion of the trial court in matters of practice before it. The law has wisely vested those courts with very large discretionary powers in such matters; but it is a judicial

discretion, not to be capriciously or oppressively exercised. It is a power to be used in furtherance of justice, and not for the purpose of gagging and binding one of the parties to a suit, and then turning him over, in this helpless and defenseless condition, to the tender mercies of his adversary." The application to amend a pleading is always addressed to the sound discretion of the trial court, and upon appeal the action of the court below will not be reviewed, except for an abuse of this discretion: *Henderson* v. *Morris,* 5 Or. 27; *Hexter* v. *Schneider,* 14 Or. 187 (12 Pac. Rep. 668); *Wallace* v. *Baisley,* 22 Or. 574 ( 30 Pac. Rep. 432).

2.   The power of amendment under the Code ought to be liberally exercised in furtherance of justice:   *Baldock* v. *Atwood et al.* 21 Or. 79 ( 26 Pac. Rep. 1058).   Courts are, or should be, much more liberal in allowing amendments asked for by a defendant than by a plaintiff, for the reason that a plaintiff may suffer a nonsuit and commence another suit or action, while, if a defendant were denied this privilege, he would forever lose his defense and be without remedy:   Bliss, Code Pleading, § 430.   In *Miller* v. *Perry,* 38 Iowa, 303, the court says:   "Under the statute, it is the rule to allow amendments to pleadings; to refuse is the exception.   The right is not an absolute, unconditional one, but it is to be allowed in furtherance of justice under a sound discretion.   Amendments within the limits of the statute should always be allowed when substantial justice will be thereby promoted, and they should not be refused so as to operate as a denial of justice to either party."   In *Tighe* v. *Pope,* 23 N. Y. 181, the court held, that "where a power is granted for the sake of justice, an exercise of it may be enforced in a proper case. It is not wholly discretionary." · In *Swift* v. *Mulkey,* 14 Or. 63 (12 Pac. Rep. 76), THAYER, J., says:   "Great liberality in amending pleadings under our system should be shown, when the justice of the case requires it.   The court should always be careful that the opposite party be not misled to his prejudice, and this can be avoided in

almost every case by granting a continuance. When a party comes into court in good faith with his action or suit, he should not be turned out on account of a technicality or mistake which an amendment will obviate, when it will do no substantial injury to the opposite party." In the case at bar, no reason is given, as appears by the record, for the delay, or why the original answer did not contain the proposed amendment. Some reasonable excuse should be made to appear by affidavit, when the motion for leave to amend is made. We must assume that the court did its duty; and in the absence of any affidavits to support the motion, we must also assume that the trial court did right in denying it: *Gordon* v. *Spencer*, 2 Blackf. 287; *Detro* v. *State*, 4 Ind. 202; *Ray.* v. *Northup*, 55 Wis. 399 (13 N. W. Rep. 239).

3. Was the statement of the defendant, made prior to the alleged settlement with plaintiff, admissible as a part of the *res gestœ?* This species of evidence is not admissible, as a general rule, unless it grows out of the principal transactions, illustrates its character, and is contemporaneous with it: *Carter* v. *Buchanan*, 3 Ga. 517; 1 Greenl. Ev. § 108. "Declarations made contemporaneously with, or immediately preparatory to, a particular litigated act, and which tend to illustrate and give character to the act in question, are admissible as part of the *res gestœ*": *People* v. *Vernon*, 35 Cal. 49 (95 Am. Dec. 49, and notes). *Hinchcliffe* v. *Koontz*, 121 Ind. 422 (16 Am. St. Rep. 403; 23 N. E. Rep. 271), was an action upon a contract of employment, which the plaintiff claimed was for the period of one year, while the defendants claimed it was for an indefinite time. The plaintiff was permitted to offer in evidence, as a part of the *res gestœ*, a letter written by defendant, but not received by him till after he had made the contract with the defendants. The court says: "As tending to support the appellant's claim, the court admitted a letter in evidence written by the defendants the day before the contract of hiring was made, in which it was stated that one of the latter desired to

see him the next day, at a place appointed, with reference to securing his services as foreman for the coming year. It appeared that this letter, although written the day before, was not received by plaintiff until the day after the contract of hiring was completed, and it is now urged that it was for that reason error to admit it in evidence. This objection is without merit. The letter was admissible, upon the ground that it was in effect a declaration made contemporaneously with and explanatory of the act of hiring."

In *Durham* v. *Shannon*, 116 Ind. 403 (9 Am. St. Rep. 864; 19 N. E. Rep. 190), the court approved the admission of the declaration of the deceased as a part of the *res gestœ*, made two days before his purchase of a horse, that he intended purchasing a colt for plaintiff, on the ground that the declaration was substantially coincident with the act of purchasing.

In the case at bar, the testimony tended to show that defendant had expressed an intention of paying plaintiff's mortgage. This declaration, it is claimed, was made a few hours before the alleged contract between plaintiff and defendant was consummated. It was admissible as a part of the *res gestœ* for the purpose of illustrating the subsequent agreement. It would not prove that a contract had been made, but was a circumstance from which the jury might reasonably infer that the defendant had sought the plaintiff for that purpose. So, too, would any declaration be admissible as a part of the *res gestœ* made by the defendant on his way to meet the plaintiff, that he was seeking him for a particular purpose. Such evidence would tend only to show the object and purpose of the meeting; not that it had been accomplished. It was a circumstance which the jury had a right to consider in connection with the evidence of the settlement. Great care should be exercised that too much importance be not placed upon such attending circumstances. The shadow should never be substituted for the substance. The *res gestœ* evidence is never offered except by way of

illustrating the principal fact. That portion of the charge of the court that qualifies the admission of this evidence is as follows: "That evidence is permitted to go to the jury for the purpose of corroborating the story of Mr. Garrison in that respect, and you have a right to consider it, if you believe it to be true, as corroborative of the question whether or not the plaintiff made the contract sued upon;" and we think it correctly stated the law of the case.

It follows that there was no error committed that this court can review, and that the judgment of the court below must be affirmed.

