## LOVEJOY *v.* WILLAMETTE LOCKS CO.

[S. C. 34 Pac. Rep. 660.]

RELIEF FROM JUDGMENT — DISCRETION OF COURT — CODE, § 102.— Under Hill's Code, § 102, providing that the court may relieve a party from a judgment taken against him through his mistake, only a plain abuse of discretion in refusing relief will be reviewed.

Multnomah County: E. D. SHATTUCK, Judge.

Petition of Amos L. Lovejoy and others for relief from a judgment rendered against them in an action by them against the Willamette Transportation & Locks Company. Petition denied, and petitioners appeal. Affirmed.

*John W. Whalley,* and *Dell Stuart,* for Appellants.

*Julius C. Moreland,* for Respondent.

PER CURIAM.—This is an appeal from an order of the circuit court denying the petition of plaintiffs for relief from an original judgment of the court against them. The petition is brought under section 102, Hill's Code, which provides that the court may "relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

The record shows that the plaintiffs had commenced an

action to recover certain real property described therein, and that the court had found against them, and adjudged the defendant entitled to the property as the owners thereof. The petition is based on the fact that the judgment was obtained against the plaintiffs by mistake as to the *locus in quo* in this; that they were claiming in such action an island in the Willamette River other and different from the island claimed by the defendant. There are numerous affidavits filed in support of the petition and against it. It is admitted that a petition for relief from a judgment under said section 102 is addressed to the discretion of the court, and, conceding without deciding, that an order granting or denying such a petition is appealable, the question is, Was the order of the court denying such petition an abuse of its discretion? The judge who denied the petition, tried the cause; he is able and experienced, and familiar with the place and its surroundings where the alleged island or land in dispute lies. While the motion was pending and under consideration, in order to better qualify himself to understand and apply the facts alleged in the affidavits pro and con, he visited the place where the land in dispute lies, and made a careful investigation of the facts as to its location, and after mature consideration refused to allow the relief asked. In view of these facts, the *nisi prius* judge was well qualified to pass an intelligent judgment upon the matter submitted, and it is not enough that we might reach a different conclusion to justify an interference with the exercise of his discretion. There must be not merely error of judgment, but such an exercise of it as amounts to a plain abuse of discretion. Our examination of the record has not satisfied us that the order should be disturbed, and it is therefore AFFIRMED.