WHITEFOOT, Respondent, vs. LEFFINGWELL, Appellant.

*April 3 — April 23, 1895.*

*Pleading: Amendment of answer: Notice of trial: Continuance: Appealable order.*

1. No amendment as of course of an answer consisting merely of a general denial is permitted by sec. 2685, R. S.; but if the plaintiff's attorney receives an amended answer without objection and retains it he thereby consents to the amendment.
2. An amended answer so received and retained after the plaintiff had noticed the cause for trial superseded the original answer, and, in the absence of a new notice of trial, defendant was entitled to a continuance.

Whitefoot vs. Leffingwell.

3. A motion by defendant in such case to strike the cause from the calendar was equivalent to a motion for a continuance and should have been granted; but the order denying it is not appealable, although it declared that the amended answer was "not properly a part of the record," since the answer was not thereby stricken from the record.

APPEAL from an order of the circuit court for Columbia county: R. G. SIEBECKER, Circuit Judge. *Dismissed.*

The action is on a demand for labor and services. An answer, consisting of a general denial only, was served April 11, 1894. On May 4, 1894, and after the cause had been noticed for trial by the plaintiff, the defendant served an amended answer, containing a counterclaim. The plaintiff's attorney received the amended answer without objection, admitted "due service" in writing, and retained it until the term. At the term the defendant's attorney moved to strike the case from the calendar, on the ground "that the case was not at issue at the time notice of trial was served." By the court it was "ordered that said motion is denied, and that the amended answer is not properly a part of the record herein, for the reason and upon the sole ground that the amended answer was not served within twenty days from the time of the service of the plaintiff's complaint herein." The appeal is from this order.

For the appellant there was a brief by *Bushnell, Rogers & Hall,* and oral argument by *A. R. Bushnell.* To the point that the mere fact that the plaintiff noticed the case for trial after the service of the original answer and before the service of the amended answer was not fatal to the defendant's right to amend as of course, they cited 2 Wait, Pr. 502; *Townsend v. Hillmann,* 9 N. Y. Supp. 629; *Washburn v. Herrick,* 4 How. Pr. 15; *Plumb v. Whipple,* 7 id. 411.

*W. G. Coles,* for the respondent, argued, among other things, that the statute under which the defendant claims

the right to serve his amended answer was adopted by our legislature in 1856, word for word from the New York Code, and has never been changed in this state. Sec. 172, N. Y. Code of 1849; sec. 80, ch. 120, Laws of 1856; sec. 2685, S. & B. Ann. Stats. The New York decisions prior to the adoption of the statute in this state are numerous and conclusive against the defendant's claim. *Lampson v. McQueen,* 15 How. Pr. 345; *Farrand v. Herbeson,* 3 Duer, 655; *Plumb v. Whipple,* 7 How. Pr. 411. In 1859 the New York statute was slightly amended, and has ever since been different from our statute. *McQueen v. Babcock,* 22 How. Pr. 229.

NEWMAN, J. It is clear that the defendant had no right to amend his answer, as of course, at the time when his amended answer was served. The statute gave him no right to amend his answer at that time. The statute (sec. 2685, R. S.) provides that any pleading may be amended, of course, "at any time before the period of answering it expires." The usual period allowed for answering a pleading is twenty days. That period had expired before the amended answer was served. But there is no period in which an answer is allowed to a pleading which consists only of a general denial. Such a pleading admits of no answer, demurrer, or reply. R. S. secs. 2658–2661; *Wood v. Lake,* 13 Wis. 84. The amendment, of course, of such a pleading is not permitted by the statute. It was unauthorized and a mere nullity, and may be disregarded. 2 Wait, Pr. 497, 498, and cases cited. This rule has been changed in New York by an amendment to the Code, but this is the construction which obtained when the New York Code was adopted here.

But no reason is perceived why the plaintiff had not power to consent to an amendment to the answer, or to ratify the making of an unauthorized amendment. Any objection which does not deprive the court of jurisdiction may be waived. Even a nullity may be waived. 4 Wait, Pr. 634; 2 Till. &

S. Pr. 1033. An irregularity may be waived by consent,. either verbal or written, or by subsequent acquiescence; and it is waived by neglecting to object when the occasion arises. 2 Wait, Pr. 498; 4 Wait, Pr. 635; 2 Till. & S. Pr. 1033. No doubt the plaintiff's attorney could have bound himself by a stipulation to receive the amended answer. So he could bind himself by receiving it without objection and retaining. it. This he did.

The issues which were pending in the case were the issues. formed by this amended answer. It superseded the original answer, and made a new notice of trial necessary. The defendant's motion to strike the cause from the calendar is. deemed to be equivalent to a motion for a continuance. It should have been granted for want of a notice of trial. But orders refusing a continuance are not appealable. They are mere matters of practice, not affecting the merits. *McLeod v. Bertschy*, 30 Wis. 324; *Bassett v. Jenkins*, 41 Wis. 197; *Bradley v. Cramer*, 67 Wis. 415. Such orders are reviewed only upon appeal from the judgment in the action. *Victor S. M. Co. v. Heller*, 41 Wis. 657; *Davis & R. B. & M. Co. v. Riverside B. & C. Co.* 84 Wis. 262.

But the appellant claims that that part of the order appealed from which declares that "the amended answer is. not properly a part of the record herein" in effect struck out his amended answer, and that such an order involves. the merits of the action and is appealable. But it is not clear that the order strikes out, or was intended to strike out, the amended answer. It certainly does not do so in terms. Whether it was intended to operate that effect is. not clear upon the words used. The phrase is equivocal. It is not clear, even, that the phrase, "is not *properly* a part of the record," was intended as the equivalent of the phrase,. " is no part of the record." It has more the appearance of a mere conditional expression of opinion, anticipating a question to be raised formally at a later stage. There was.

no motion to strike out the amended answer pending, nor evidence being offered under it. The question, at that stage, was merely theoretical. It was to be decided when it became a practical question; that is, when it should arise either on a motion to strike out, or on an objection to evidence under the amended answer. An appeal will not lie from an order which the record does not show to have been actually made. *Horicon S. Club v. Gorsline,* 73 Wis. 196. This order did not strike out the amended answer. That is still a part of the record. The order is not appealable.

*By the Court.*— The appeal is dismissed.