Argued December 30, 1896; decided March 16, 1897.

# WEAVER v. SOUTHERN OREGON CO.
(48 Pac. 171.)

1. DEFAULT AS A WAIVER OF DEFECTS IN PLEADINGS.—The question of the sufficiency of a complaint cannot be raised on appeal from a judgment given for want of an answer: *Askren* v. *Squire*, 29 Or. 228, applied.

2. SERVICE OF PROCESS ON CORPORATION.—Service of summons on one of the principal officers of a private corporation at its principal office or place of business gives the court jurisdiction of the corporation, regardless of whether the officer served resided in or had an office in such county; though, where the service is made on some inferior clerk or agent, the return must show the facts authorizing such substituted service: *Caro* v. *Oregon & California R. R. Co.*, 10 Or. 510, cited and approved.

3. AMENDMENT OF RETURN—DISCRETION OF COURT.—The practice in allowing amendments to returns of writs should be liberally exercised in furtherance of justice.

From Coos:    J. C. FULLERTON, Judge.

Action by John Weaver against the Southern Oregon Company.  From a judgment in favor of plaintiff, defendant appeals.

AFFIRMED.

For appellant there was a brief by *Mr. John A. Gray,* with an oral argument by *Mr. J. W. Hamilton.*

For respondent there was a brief and an oral argument by *Mr. A. J. Sherwood.*

Opinion by MR. JUSTICE BEAN.

On the 23d of September, 1895, the plaintiff commenced this action against the defendant corporation, in the county where its principal office or place of business is located, to recover money, and caused a summons to be

regularly issued and served upon its secretary at such office or place of business, but in his return the sheriff omitted to state the place of service. The defendant failed to appear and answer the complaint, as required by the summons; and on the second day of the next succeeding term of court, the sheriff applied for and obtained leave to amend his return to conform to the facts, and thereupon amended his certificate of service so as to read as follows: "I hereby certify that I served the within summons within the said State and County on the 23d day of September, 1895, on the within-named defendant, the Southern Oregon Company, by delivering a copy thereof, prepared and certified to by me as sheriff, together with a copy of the complaint, prepared and certified to by D. F. Dean, county clerk and ex-officio clerk of the said Circuit Court, to R. E. Shine, the secretary of the Southern Oregon Company, defendant. The said copies of said summons and complaint were delivered to the said secretary of said defendant at the principal office and place of business of defendant, at the town of Empire City, Coos County, Oregon." On the next day the default of defendant was duly entered, and judgment for want of an answer rendered against it for the amount prayed for in the complaint, from which this appeal is taken.

The contention for the defendant is (1) that the complaint does not state facts sufficient to constitute a cause of action; (2) that the return as amended by the sheriff is insufficient to give the court jurisdiction of the defendant, because it does not show that the officer upon whom service was made either resided in or had an office in Coos County; and (3) that the court erred in permitting the sheriff to amend his return. Neither of these positions is sound.

1. No objection was made to the complaint in the court below, and its sufficiency cannot be raised in this

court by an appeal from a judgment given for want of an answer:  *Askren* v. *Squire*, 29 Or. 228 (45 Pac. 779).

2.  The service of the summons upon the secretary of defendant, at its principal office or place of business in the county where the action was commenced, was a valid service upon the corporation, although it does not affirmatively appear from the return of service that such officer resided in or had an office in the county.  Where jurisdiction of a private corporation is sought to be obtained by service upon some inferior clerk or agent, it is necessary for the return to show the facts which authorize such substituted service:  *Caro* v. *Or. & Cal. R. R. Co.,* 10 Or. 510.  But when the service is made upon one of the principal officers enumerated in the statute, at the principal office or place of business of the corporation, the court thereby acquires jurisdiction of the person without any showing that the officer upon whom the process was served resided in or had an office at such place.

3.  There was no error in permitting the sheriff to amend his return.  The allowance of such amendments is a matter within the sound discretion of the trial court, and its action will not be reviewed here, except for an abuse of such discretion.  It is a power which ought always to be liberally exercised in furtherance of justice:  22 Am. & Eng. Enc. Law (1st Ed.), 200; *Malone* v. *Samuel,* 13 Am. Dec. 172, and note.

AFFIRMED.