Decided 3 April, 1899.

## WHEELER v. BURCKHARDT.

[56 Pac. 644.]

1. TAKING DEPOSITION OF ADVERSE PARTY BEFORE TRIAL.—Under Hill's Ann. Laws, ¿ 814, Subd. 1, and Section 823, authorizing the taking of the deposition of an adverse party previous to the trial before an officer authorized to administer oaths, on the giving of a three-days' notice, unless the court prescribes a shorter time, it is not necessary that the officer taking the deposition should be commissioned by the court.

2. PRESUMPTION OF SUFFICIENCY OF FINDINGS.—In an action for a conversion of chattels, the evidence will be presumed to sustain a finding as to their value, in the absence of a bill of exceptions.

From Multnomah :   E. D. SHATTUCK, Judge.

Action in justice's court by James N. Wheeler against F. Otto Burckhardt and others.   From a judgment dismissing the action, plaintiff appealed to the circuit court, which gave judgment for plaintiff, and defendant Burckhardt appeals.

AFFIRMED.

For appellant there was a brief over the names of *Lawrence A. McNary, Frank Schlagel*, and *J. P. Kavanaugh*, with an oral argument by *Mr. Schlagel.*

For respondent there was a brief and an oral argument by *Mr. Clinton C. Palmer.*

MR. JUSTICE MOORE delivered the opinion.

This action was originally commenced in the Justice's Court of Portland District, Multnomah County, to recover damages for an alleged unlawful taking and conversion of personal property.   It is averred in the complaint that one C. C. Palmer having duly obtained a judgment in the Justice's Court of East Portland Dis-

trict, in said county, against John W. Moore for the sum of $17.95, and his disbursements, taxed at $5.40, an execution was issued thereon, in pursuance of which the plaintiff, as constable of said last-named district, seized certain of Moore's personal property to satisfy the writ; that, while plaintiff was in possession of said property by virtue of said execution and seizure, the defendants, F. Otto Burckhardt, Thomas Parker, and John W. Moore, forcibly took and unlawfully converted the same to their own use, to his damage in the sum of $23.35, the amount of the judgment and costs; and that in consequence of their unlawful acts he had sustained special damage in the sum of $33.75, for which he prayed judgment. The defendants having by their answer specifically denied the allegations of the complaint, plaintiff's counsel on September 18, 1896, served upon them and their attorney a notice to the effect that on the twenty-first of that month, at the hour of 2 o'clock in the afternoon, he would take the deposition of Burckhardt, as a witness in said action, before Ernest E. Merges, a Notary Public for Oregon, at Room 520 in the Chamber of Commerce Building, in the City of Portland, and at the same time served a subpœna, issued by Merges as notary public, upon Burckhardt, requiring him to appear as a witness in said action at the time and place specified in the notice. In pursuance of the service of the subpœna, Burckhardt appeared at the time and place designated, returned the witness fees received by him, and refused to be sworn as a witness. When the action was called for trial, plaintiff's counsel moved the court to strike Burckhardt's answer from the files, on the ground of his refusal to be sworn as a witness, or to give his deposition before the notary public, but, the motion being overruled, plaintiff refused to offer any evidence, whereupon the action was dismissed, and he appealed to the circuit court, which

court struck said answer from the files, found that defendant Burckhardt was in default, that the property so converted was of the value of $30, and gave judgment accordingly, from which Burckhardt appeals.

1. It is contended by defendant's counsel that, inasmuch as Merges had not been commissioned by the justice of the peace to take the deposition of any witness in said action, he was powerless to issue a subpœna, and could not, on the mere notice of plaintiff's attorney, compel Burckhardt to testify in an action pending in said court, and hence the circuit court erred in striking his answer from the files, and in rendering judgment against him. The statute (Hill's Ann. Laws, § 814, Subd. 1), so far as applicable to the case at bar, in designating the person whose deposition may be taken, reads as follows: "The testimony of a witness in this state may be taken by deposition, in an action at law, at any time after the service of the summons, or the appearance of the defendant; and in a special proceeding after a question of fact has arisen therein, in the following cases: (1) When the witness is a party to the action or proceeding by the adverse party." In *Roberts* v. *Parrish*, 17 Or. 583 (22 Pac. 136), Mr. Justice STRAHAN, in construing this section, and speaking of the right of a party to an action to compel another party thereto to give his deposition, says: "The proper construction of this provision of the Code does not seem to be free from difficulty, but I am inclined to the opinion that subdivision 1 of section 814 grants a right to either party to compel his adversary to give his deposition. This right has no existence independent of this statute, and its sole purpose was to declare and secure that right. It was this and some other similar provisions in the Code that have rendered bills of discovery obsolete, or at least that were designed to take their place, and to extend the field of inquiry

from suits in equity to actions at law.''   At the common
law depositions *de bene esse* could not be read in evidence
without the consent of the adversary party ;  and statutes
conferring the right of procuring and preserving the tes-
timony of a witness in this manner, and removing the
objections of a party to their being read at a trial, being
in derogation of the ancient rule, are to be strictly con-
strued :   9. Am. & Eng. Enc. Law (2 ed.), 300 ; *Ragan*
v. *Cargill*, 24 Miss. 540.

Either party may take the testimony of a witness in
this state by deposition in an action at law after the ser-
vice of the summons or the appearance of the defendant,
before any person authorized to administer oaths, on
giving the adverse party notice of the time and place of
examination, the name of the officer and the witness.
Such notice shall be at least three days, unless the court
or judge by order prescribe a shorter time :   Hill's Ann.
Laws, § 823.   A notary public is a person who is author-
ized to administer oaths :   Id. § 2325.   The subpœna
was issued in pursuance of the authority conferred by
Subd. 3 of Section 790, Hill's Ann. Laws, and duly served
by a person over eighteen years of age :   Id. § 792.
Burckhardt was, therefore, obliged to obey the command
of the writ directed to him, and requiring his attend-
ance as a witness in said action on plaintiff's behalf :
Id. § 846.   ''Disobedience to a subpœna, or a refusal to
be sworn, or to answer as a witness, or to subscribe an
affidavit or deposition when required, may be punished
as a contempt by the court or officer before whom he is
required to attend or the refusal takes place, and if the
witness be a party, his complaint, answer, or reply may
be stricken out :''   Id. § 797.   The transcript shows that
there has been a strict compliance with all the statutory
provisions necessary to produce Burckhardt's deposition,
and for his refusal to testify as a witness the court pos-

sessed plenary power to strike out his answer. As we view the provisions of Hill's Ann. Laws, § 823, it is unnecessary to procure an order from the court or judge to take the testimony of a witness in this state by deposition in an action then pending in such court, unless the exigencies of the case demand that his testimony should be taken in a shorter period than that prescribed by law.

It is argued that if a party, at the instance of his adversary, can be compelled to give his deposition before a person who has not been commissioned by the court in which the action is pending, and in the absence of an affidavit showing the materiality of his testimony, such a method of preparing for the trial would be tantamount to a fishing excursion for evidence to support a doubtful cause. The reasons assigned by defendant's counsel seem cogent, but would be more appropriately addressed to the legislative assembly, in whom the power of regulating the mode of procedure in such matters is lodged by the organic law of the state. If such a rule becomes oppressive, the best method of securing its repeal is by the enforcement of its provisions. As it now stands, each party to an action is afforded an opportunity to ascertain prior to the trial his adversary's views of the matters in issue.

2. It is also insisted that the findings of the court do not support the judgment. Burckhardt's answer having been stricken out, the only remaining issue, under the statute, was the value of the property which had been converted (Hill's Ann. Laws, § 249; *Luse* v. *Isthmus Ry. Co.*, 6 Or. 125; *Fink* v. *Canyon Road Co.*, 5 Or. 302; *Moody* v. *Richards*, 29 Or. 282, 45 Pac. 777); and, since the transcript does not contain any bill of exceptions, it must be presumed that the evidence warranted the finding in this respect, and that such finding is consonant with the judgment, which is affirmed.     AFFIRMED.