Argued October 10, decided October 15, 1912.

## CHAPMAN *v.* MULTNOMAH COUNTY.

(126 Pac. 996.)

**Judgment—Default—Motion to Set Aside—"Notice"—"Knowledge."**

1. Where, in an action against a county to set aside a conveyance, a decree was taken by default, the court, under Section 103, L. O. L., may, in its discretion, within one year after notice thereof, relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, and has jurisdiction to entertain a motion to set aside such decree when filed within one year after knowledge of the decree was acquired by the agents or officers of the county, though not until more than one year after the decree was entered; "notice," as used in such statute, being a synonym of "knowledge."

**Judgment—Notice of Default.**

2. Under Section 796, L. O. L., providing that an inference must be founded on a fact legally proved and on a deduction naturally warranted by such fact, a county was not charged with knowledge of the entering of a default decree against it, merely because the county clerk was ex officio clerk of the court that rendered the decree.

**Appeal and Error—Discretionary Ruling—Setting Aside Default Decree.**

3. Where the trial court, under Section 103, L. O. L., in its discretion, within one year after notice, relieved a party from a default judgment ·taken against it through its mistake, inadvertence, surprise, or excusable neglect, and no abuse of discretion appears, such determination will not be disturbed on review.

**Pleading—Reply Out of Time—Motion for Leave.**

4. Under Section 81, L. O. L., providing that the reply shall be filed by the first day of the next term of court, or within one day after the filing of the answer or demurrer to the complaint, if the same be filed in term time, and in view of Section 2806, L. O. L., providing for a term of circuit court in Multnomah County on the first Monday of each month, except July and August, where an answer was filed in the circuit court of such county October 26th, and a reply, due at the farthest on the first Monday in November, was not offered for filing until December 8th, and no excuse was shown for the delay, a motion, not filed until January 5th next, for leave to file a reply was properly denied.

From Multnomah:   Henry E. McGinn, Judge.

Statement by Mr. Justice Burnett.

This is a suit by W. S. Chapman, against Multnomah County, and is brought to set aside a conveyance executed by one of plaintiff's predecessors in title.   An amended complaint having been filed, the defendant moved to strike it out on certain grounds specified in the motion.   The motion was overruled on April 22, 1909.   On May 17, 1909, the circuit court entered a decree reciting that, plaintiff being present by his attorney, it appeared that the motion of the defendant to

strike out the complaint had been overruled five days before, and that the defendant had not further appeared or answered; and thereupon it was decreed that the defendant was in default for want of an answer, and a further decree was passed in favor of the plaintiff, according to the prayer of the amended complaint. On September 14, 1910, the defendant appeared and moved to set aside the court's determination already mentioned. In support of his motion, it filed affidavits showing the rules and practice of the circuit court of Multnomah County by virtue of which it was entitled to notice of any motion and the setting down for hearing of the same; that no notice had been served; and that the counsel for the defendants had no knowledge of any movement in the case on part of the plaintiff, or any decision or decree in respect to the issues involved. The showing for the defendant was opposed by counter affidavits on the part of the plaintiff. After full hearing the circuit court, on October 15, 1910, took off the default, set aside the decree, and gave leave to the defendant to file its answer. In pursuance of this leave granted, the defendant answered on October 26, 1910, putting in issue most of the allegations of the complaint, asserted title in the county in the land in question, and avowed the validity of the deed attacked by the complaint. It also averred in estoppel a judgment rendered against the plaintiff's immediate grantor by the United States Circuit Court for the District of Oregon, in an action where the grantor sought to recover from the present defendant the identical land in dispute. No reply to the new matter in the answer having been filed, the defendant, on December 8th, filed its motion for a decree in its favor upon the pleadings. At the same time, according to the abstract filed by the plaintiff, he moved the court for permission to file a reply traversing most of the material allegations of the answer. According to the

supplemental abstract filed by the defendant, this motion for leave to reply was not filed until January 5, 1911. No showing of any kind in support of the motion for leave to reply is disclosed by the record before us. The circuit court sustained the motion for a decree upon the pleadings, and dismissed the suit. The plaintiff has appealed.                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Enoch B. Dufur.*

For respondent there was a brief over the names of *Messrs. Carey & Kerr,* and *Mr. Harrison Allen,* with oral arguments by *Mr. Charles H. Carey* and *Mr. Allen.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. "The court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or such other act to be done, after the time limited by this Code, or by an order enlarge such time; and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect." Section 103, L. O. L.

Confessedly, the motion to set aside the decree of May 17, 1909, and to permit the defendant to answer, was made more than one year after the entry of the decree. The crux of plaintiff's argument is that, because the county clerk of Multnomah County is *ex officio* clerk of the circuit court rendering the decree, he must, in his former capacity, have known at the time what was entered of record by him in the exercise of his later function; that, as he is the officer on whom summons must be served when the county is a litigant, the municipality, as defendant here, is charged with his knowledge; that the year within which such an application might be made began, at least, on the day the decree

appeared on the journal of the circuit court, and hence the court was without power to sustain the motion, made after the expiration of the year, and, for want of jurisdiction, could not overturn the decree in the *quasi* summary manner provided by the statute. Whether this reasoning is sound or unsound depends upon the signification given the word "notice" in the statute. If it means the information that is imputed to every party appearing in a judicial proceeding, the plaintiff's conclusion is inevitable. On the other hand, if the term is to be understood as meaning actual notice, quite a different phase is put upon the dispute.

The benefit of the statute by its own terms is extended to parties; that is to say, to those who have submitted themselves, or have been subjected, to the jurisdiction of the court. It is available alike to the plaintiff and to the defendant. The former is manifestly charged with at least constructive notice of all that occurs in a proceeding instituted by himself; but, notwithstanding this, he can invoke the rule of the statute in proper cases. The situation of the defendant who is in court *in invitum* is surely not less favorable. If constructive notice will, in all instances, prevent the operation of the statute after one year, then will this section as a remedial measure be utterly emasculated. The only way to give effect to the law, according to its plain intent, is to make the term "notice" a synonym of "knowledge," to be established either by direct testimony, or by a showing of circumstances proving knowledge to the satisfaction of the court.

2. The county is an artificial person; not having mental perceptions like an individual, it is impossible for it to acquire actual notice or knowledge of any transaction. At best, only constructive notice can be imputed to it. It can act or be acted upon only through its proper agents or officers. If we should hold that mere presump-

tive notice upon an officer of the county would impute knowledge to the county, it would be to found an inference upon an inference, contrary to Section 796, L. O. L., reading thus:

"An inference must be founded: 1. On a fact legally proved; and, 2. On such a deduction from that fact as is warranted by a consideration of the usual propensities or passions of men, the particular propensities or passion of the person whose act is in question, the course of business, or the course of nature."

In other words, as applied to this case, it is to say: "We infer that the county clerk knew of the decree, because he is an *ex officio* clerk of the court that rendered it; and we therefore further infer that the county had knowledge of it at the time it was entered."

3. So far as constructive notice is concerned, there is quite as much, if not more, reason to impute it to the defendant's counsel as to the county clerk, because they were charged with the management of the particular case at bar. We think on principle, and as held in *Fildew* v. *Milner,* 57 Or. 16 (109 Pac. 1092), that for the purpose of the statute "notice" should be held to mean knowledge; and that to bar the county from the benefits of the section in question by lapse of time actual knowledge of the decree by some one authorized to act for the county, or a state of circumstances, in the judgment of the court, equivalent to actual knowledge, is essential. Considering the amount of business that passes through the various courts and the county clerk's office of Multnomah County, and that much of the clerical part of it must necessarily be transacted by mere employees, we cannot say that the county clerk had knowledge of the decree in question. The attorneys for the county, who in good reason ought to be more likely to know of the state of litigation under their management, have made a sufficient showing that they acquired their first knowledge of the decree only two days before they moved

the court to set it aside. The deduction is plain that the application was made in time, and that the circuit court had jurisdiction to entertain and determine it. It then became a matter in the discretion of that tribunal to allow or deny the motion, and, not discovering any abuse of that judicial prerogative, it does not lie with this court to gainsay the decision. That construction of the statute is reasonable in the interest of remedial justice. It prevents snap judgments. It only gives opportunity to sound judicial discretion, which we cannot say in advance will be abused in the future.

4. The plaintiff complains of the action of the circuit court denying him right to file a reply and in rendering the consequent decree upon the pleadings. Section 81, L. O. L., prescribes that:

"The answer or demurrer to the complaint shall be filed with the clerk by the time required to answer and the demurrer or reply thereto as the case may be must in like manner be filed by the first day of the next term of the court or within one day after the filing of the answer or demurrer to the complaint, if the same be filed in term time. * * "

Under the sanction of Section 2806, L. O. L., a term of circuit court is holden in Multnomah County on the first Monday of every calendar month in the year, except July and August. Remembering that the answer herein was filed October 26, 1910, the reply was due on the following day, if in term time, but at the farthest on the first Monday of November, 1910; but, according to plaintiff's own abstract, the reply was not offered for filing until December 8, 1910. No showing was made, excusing the delay in filing the reply. Hence the case was ripe for judgment under Section 79, L. O. L., reading as follows:

"If the answer contains a statement of new matter constituting a defense or counterclaim and the plaintiff fails to reply or demur thereto within the time prescribed by law the defendant may move the court for such judg-

ment as he is entitled to on the pleadings, * * and at any time when the pleadings in the suit or action are complete, or either party fails or declines to plead further, the court may, upon motion, grant to any party moving therefor such judgment or decree as may appear to the court the moving party is entitled to upon the pleadings."

In absence of any showing supporting his motion to file a reply, the court was right in refusing leave for that purpose.

The decree of the court upon the pleadings was correct, and is therefore affirmed.    AFFIRMED.