Argued October 31, reversed with instructions December 5, 1951

ALERY *v.* ALERY, J<small>R.</small>, <small>ET UX.</small>

238 P. 2d 771

338

*Austin Dunn,* of Baker, argued the cause for appellant. With him on the brief was Carl G. Helm, Jr., of La Grande.

*Charles R. Cater,* of La Grande, argued the cause and filed a brief for respondents.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE, WARNER and TOOZE, Justices.

LATOURETTE, J.

This is an action in ejectment brought by plaintiff, Marie Alery, against defendants, John Alery, Jr., and Madeline Alery, his wife, to recover possession of certain real property in La Grande. Defendants were awarded a decree on their separate answer and defense contained in their second amended answer, plaintiff having failed to file a timely reply. Plaintiff, Marie Alery, appeals.

This case and the replevin case (*Alery v. Alery et al.*) this day handed down involve the same parties and are based on the same alleged contract and, for that reason, were consolidated and argued together on appeal.

Plaintiff filed her complaint in ejectment on June 12, 1950. On June 29, 1950, defendants filed their answer. On September 13, 1950, defendants filed a motion to amend their answer by adding the name, as a party-plaintiff, of John Alery, Sr., plaintiff's husband, and father of defendant, John Alery, Jr. On September 15, 1950, the court granted this motion.

On October 11, 1950, defendants filed an amended answer. On December 7, 1950, without leave of court, defendants filed their second amended answer, the material allegations being that plaintiffs induced defendants to leave their home in Wisconsin to come to Oregon under a promise to give to them the real property in question, and also the personal property involved in the replevin action, under the guise that "plaintiff John Alery Sr. was very sick and it would give him an incentive to live." It is alleged that, in

compliance with such request, defendants gave up a lucrative gunshop business in Wisconsin and moved to La Grande where they took possession of the real property in question and made valuable improvements on the same; that in coming to Oregon they also gave up a $25,000 inheritance which defendant John Alery, Jr.'s mother (who was also the former wife of plaintiff, John Alery, Sr.) had promised him, and that by the reason of the foregoing, plaintiffs should be estopped to assert title in themselves to the real property in question.

On January 17, 1950, defendants moved for a judgment on the pleadings for failure of plaintiffs to reply, or otherwise plead, to the *second amended answer*. On February 1, 1951, plaintiff, Marie Alery, filed an affidavit in opposition to defendants' motion for judgment on the pleadings and contemporaneously therewith tendered her reply to the clerk of the court.

On February 10, 1951, defendants' attorney, Charles R. Cater, filed an affidavit in support of defendants' motion for judgment on the pleadings. On February 21, 1951, the court denied plaintiff the right to file her reply and entered judgment on defendants' second amended answer and counterclaim, dismissed plaintiff's complaint and decreed that defendants were the owners in fee simple of the real property in controversy.

The second amended answer was never legally served on plaintiffs, although an attempt was so made to do by defendants' attorney, as shown by the certificate appended to the second amended answer as follows:

> "I hereby certify that I made service of the foregoing second amended answer upon the plaintiffs by mailing a copy, certified to by myself, to

Helm & Cavanaugh, attorneys for plaintiffs, on December 5, 1950.

"/s/ Charles R. Cater
"Attorney for Defendants"

Section 1-708, OCLA, requires that an amended pleading be served upon the opposing parties. Section 10-603, OCLA, authorizes service on parties by mail, and the proof of service shall be the same as the proof of service of a summons. Section 1-616, OCLA, requires the certificate of service of summons by mail to state the time and place of the deposit in the post office.

■ The above certificate does not comply with the foregoing statutes, and, therefore, the alleged service of the second amended answer was ineffective.

In *Cram v. Tippery,* 175 Or 575, 155 P2d 558, we held that where an amended complaint was filed and not served upon a party the court was without authority to render judgment against him.

■■ Section 1-1004, OCLA, permits the filing of an amended pleading by a party at any time, of course, before the period for answering shall expire. Section 1-1006, OCLA, permits the court at any time before trial to allow any pleading to be amended. An amended pleading, except one filed as a matter of course, therefore, cannot be filed without leave of court. In the case at bar the record not only fails to show the permission of the court to file the second amended answer, but counsel for defendants in the argument on the appeal admitted that such right was never secured from the court. If the second amended answer was not legally filed, it follows that a judgment could not be predicated thereon.

4■ It has been suggested that the court, in allowing judgment on such second amended answer, thereby,

at least impliedly, consented to the filing of such answer retroactively. We know of no law, nor has one been suggested, authorizing the court, under a situation such as exists in this case, to permit an amended pleading to be filed retroactively. Section 1-1006, OCLA, sanctions the court's permitting a pleading *to be amended*. The words, "to be," obviously refer to something in futuro. When defendants tendered their second amended answer to the clerk for filing, unaccompanied by a permissive order, such pleading, even if marked "filed," was not legally filed and had no efficacy, and plaintiff was not required to take cognizance of the alleged filing. Therefore, when defendants moved for a judgment on the pleadings on the second amended answer, there was nothing in the record at that stage of the proceedings which would warrant the allowance of such motion.

■ We have held that the practice in Oregon, as announced in *Garrison v. Goodale*, 23 Or 307, 311, 31 P 709, is that, "* * * Some reasonable excuse should be made to appear by affidavit, when the motion for leave to amend is made." In the instant case an affidavit is wanting.

■ If we adopt the fiction, however, that such action by the court was equivalent to a consent under § 1-1006, supra, then in the state of the record the court should have followed the law and permitted plaintiff time in which to file her reply (§ 1-801, OCLA), or at least should have manifested the same spirit of indulgence toward the plaintiff by permitting her to file her tendered reply. Both the plaintiff and the defendants at the moment of the court's order were in the same relative position. If plaintiff should be considered as dilatory, then both had failed to observe technical statutory requirements as to their respective pleadings,

neither of which, at that time, worked a hardship upon the other nor in anywise contributed to a delay in the trial of the cause. Plaintiff's tardy tender of her reply was balanced by defendants' neglect to secure the court's consent to file their second amended answer; therefore, we think that the trial court should have exhibited the same tolerance toward plaintiff as it apparently did toward defendants. To have done so under all the circumstances revealed by the record before us would have been more in keeping with fidelity to the precept that no one should be denied his day in court; moreover, in this particular matter, so intimately entwined as it is to the contract pleaded by the defendants in the replevin case (see *Alery v. Alery et al.*, decided this date), there would, in effect, be an avoidance of a piece meal trying of controversies springing from the same transaction between the same parties.

Further, if plaintiff were not permitted to file her reply, she would suffer an added hardship by reason of certain allegations contained in defendants' second amended answer. Not only do defendants allege a gift of the real property but also of the personal property involved in the replevin action. Should the judgment be allowed to stand in this case, defendants in the replevin case would be in a position to urge a judicial admission against plaintiff's interest since she had failed to deny such gift of personal property.

Our attention has been called to a recital appearing in the judgment order indicating that, under a rule of that court, plaintiff was late in filing her reply. It is our opinion, however, that such rule would not apply since no reply was forthcoming until the second amended answer was legally served and filed, but, in any event, because of the reasons hereinbefore stated,

we believe its strictness should have been relaxed in this instance.

■ From the order of the trial court denying plaintiff's motion to set aside the judgment, there are recitals that the plaintiff, John Alery, Sr., deeded the property to his wife, Marie Alery, without justification, and that Marie Alery was a party to the refusal of John Alery, Sr. to submit himself to examination under subpoena. The record shows that John Alery, Sr. filed an affidavit disclaiming any interest in the real property involved, and we find nothing in the record to sustain the court's recital that Marie Alery acted in concert with her husband in preventing his testimony being taken. It is true that the same attorney represented both plaintiffs, but that is no reason for imputing to plaintiff, Marie Alery, the sins of her husband.

■ We are not unmindful that the action of John Alery, Sr. in failing to subject himself to examination by deposition was a factor in the trial court's determination of the motion for judgment on the pleadings as is shown by a recital in its order, which action we do not condone but which could have been reached through proper contempt proceedings.

Much is made of the case of *Whitefoot v. Leffingwell*, 90 Wis 182, 63 NW 82. In that case the defendant served the plaintiff with an amended answer out of course, and the plaintiff's attorney admitted "due service" thereof in writing.

The court there said that the amended pleading "was unauthorized and a mere nullity and may be disregarded." However, since plaintiff accepted the service of the pleading, the court held that he waived the objection.

■ In the present case plaintiff never accepted service of the second amended answer, nor did the

proof of service show that she had been legally served. The fact that she tendered a reply after motion for judgment on the pleadings was made is no evidence that she ratified the making of the unauthorized pleading. At that time she was in a dilemma not of her own choosing.

Yet, for the reason hereinbefore assigned, we are of the opinion that the court abused its discretion in not permitting plaintiff to file her reply.

Reversed with instructions to permit the filing of plaintiff's reply.

LUSK, J. (dissenting).

There can be no question of the power of the court to make the order granting the defendants judgment on the pleadings. The second amended answer was filed on December 7, 1950. The motion for judgment on the pleadings was served on counsel for the plaintiffs on January 17, 1951, and filed the same day. At that time no reply had been filed. Section 1-717, O.C.L.A., provides:

> "If the answer contain a statement of new matter constituting a defense or counterclaim, and the plaintiff fail to reply or demur thereto within the time prescribed by law, the defendant may move the court for such judgment as he is entitled to on the pleadings; * * * and at any time when the pleadings in the suit or action are complete, or either party fails or declines to plead further, the court may, upon motion, grant to any party moving therefor, such judgment or decree as it may appear to the court the moving party is entitled to upon the pleadings."

Section 1-801, O.C.L.A., as amended by Oregon Laws 1949, Ch. 309, provides that a reply must be filed within ten days after the filing of the answer. Thus,

the plaintiffs were in default a full month before the motion for judgment on the pleadings was made. In these circumstances, this court has no right to reverse the judgment below unless we are able to say that the judge was manifestly guilty of an abuse of discretion or that the affirmative answer of the defendants does not state facts sufficient to entitle them to equitable relief under § 9-102, O.C.L.A. As we are all agreed that the answer is sufficient, it will be necessary to discuss only the former of these questions.

It should be first observed that the judgment appealed from is not only against Marie Alery (who alone has appealed) but also against John Alery, her husband. He became a party to the proceeding by order of the court entered September 15, 1950, pursuant to motion filed by the defendants. The order recited "that the said John Alery is one of the owners of record of the real property described in plaintiffs' complaint and that a complete determination of the controversy cannot be had without the presence of the said John Alery as a party plaintiff and that the said John Alery is one of the real parties in interest as plaintiff." Though denominated a plaintiff, John Alery was actually, so far as the affirmative answer was concerned, a defendant, and the order one which the court had power to make. See *Kroschel v. Martineau Hotels*, 142 Or. 31, 37, 18 P. 2d 818. John Alery afterwards appeared regularly in the case through his attorney, Carl G. Helm, Jr., who, on October 18, 1950, filed a demurrer to defendants' amended answer on behalf of both Marie Alery and John Alery.

After John Alery became a party the defendants attempted to take his deposition. Through his attorney he resisted, pleading that he was suffering from a heart condition which would be injuriously affected by the

strain of oral examination and cross-examination. The court, after a hearing on affidavits and oral testimony, made an order on October 25, 1950, in effect overruling the objections of John Alery and directing that his deposition be taken in the circuit courtroom of the court house in Pendleton, Umatilla County (John Alery's place of residence), on November 3, 1950, at the hour of 1:30 p. m., and that John Alery present himself at that time and place for the taking of such deposition. John Alery was duly and regularly served with subpoena requiring him to appear at that time and place on October 27, 1950. The court's order recites at length the evidence adduced at the hearing respecting the condition of health of John Alery and his ability to undergo the ordeal of an oral examination. The evidence, as so stated, fully justified the court's action. It is unnecessary to set out the evidence because this court has not questioned the propriety of the Circuit Court's order. Neither is it questioned in the briefs filed on behalf of the plaintiff, Marie Alery. Her counsel have not even attempted to defend the course which the plaintiffs took with regard to this deposition. Nevertheless, on Thursday, November 2, the day before the time fixed for the taking of the deposition, Mr. Helm, as counsel for both plaintiffs, appeared before the judge who made the order and informed him that Mr. Alery would not be present for the taking of his deposition "on advice of his physician, for the reason that the examination would be a strain which would endanger his health, even his life." So far as this record discloses, John Alery's deposition was never taken.

It will be recalled that the motion for judgment on the pleadings was served on counsel for plaintiffs on January 17, 1951. Prior to that day, and after plaintiffs

were in default, defendants' counsel, Charles R. Cater, according to his affidavit, had requested plaintiffs' counsel to file a reply. After the motion for judgment on the pleadings was served and filed, plaintiffs' counsel waited until February 1, 1951, before doing anything. He then, on behalf of Marie Alery alone, filed his own affidavit in opposition to the motion and tendered a reply which is a general denial. His affidavit corroborates Mr. Cater's statement that the latter had asked him to file a reply. It contains matters asserted by way of excuse for not doing so. It is unnecessary to state the nature of these alleged excuses, for I think there is not a member of the court who heard the case who would attempt to defend them as valid in law or otherwise. Their utter lack of merit is emphasized by the following recital in the court's order denying the motion subsequently filed by the plaintiff, Marie Alery, to vacate the judgment: ''The reply tendered is simply a general denial and is verified by counsel in his client's stead and could have been prepared, verified, served and filed within an hour.'' There is not even a semblance of excuse for the plaintiff, Marie Alery's delay of two weeks before responding to the motion for judgment on the pleadings. The record shows that a rule of the Union County Circuit Court, which is referred to by the judge in his order allowing the motion, grants five days after a motion for judgment on the pleadings has been filed in which the party in default may apply to the court to be relieved from the default. Counsel for the plaintiffs pleads that he was not familiar with the rule. That, of course, is no excuse; but, even supposing that there were no such rule, what can be urged in extenuation of the delay of two weeks? Nothing is suggested in the showing, the brief, or the oral argument on behalf of the plaintiff, Marie Alery, and

nothing is suggested in the opinion of this court, save what seem to me to be certain irrelevant considerations which will presently be noticed.

After the judgment had been entered, plaintiff moved the court for an order vacating the judgment on the ground of mistake, inadvertance, surprise or excusable neglect. The court denied this motion in an order entered April 16, 1951. In view of the record which has been recited, it is manifest that there was neither mistake, inadvertance, surprise or excusable neglect. In the order denying this motion the court made the following recitals, among others:

"* * * and the Court having heard the arguments of counsel and the statements made by counsel in open court on said argument and presentation of this matter and being fully advised in the premises, finds that immediately prior to the commencement of this action, the plaintiff, John Alery, conveyed his interest in said real property to the plaintiff, Marie Alery; that said deed has not been recorded to this date; that prior thereto, title to the real property described in this proceeding vested in plaintiff, Marie Alery, and plaintiff, John Alery, as tenants by the entirety and that the deed creating such estate was placed in record in Union County, Oregon long prior to the commencement of this suit and that said record did then and now shows plaintiffs, Marie Alery and John Alery, to be the owners thereof as an estate by the entireties; that said conveyance was made in order that plaintiff, Marie Alery, might prosecute this suit on behalf of herself and her husband, plaintiff John Alery, without the necessity of John Alery being one of the plaintiffs; that this action was taken on advice of counsel on the contention and claim made by Marie Alery to her attorney that the health of John Alery was such that he could not be a party or testify in such proceeding; that it has been established as

a matter of record in this case that John Alery is a necessary and proper party herein; that he is well able to give his oral deposition and testimony herein; that the plaintiffs, acting in concert, commenced this proceeding in the name of Marie Alery alone for the use of both plaintiffs and have failed and refused to permit the taking of the oral deposition of the plaintiff, John Alery, without revealing any satisfactory reason; that the action of the plaintiffs in attempting to prosecute this suit in the name of Marie Alery alone and in refusing to permit the oral deposition of the plaintiff, John Alery, to be taken, is without cause or justification; that the plaintiffs did not make prompt application for relief when the motion for judgment on the pleadings was filed nor for relief from the judgment when entered.''

In determining the question before us, the facts stated by the court in the foregoing recitals cannot properly be ignored. Even without those facts it would be difficult to find any basis in the record for a decision that the court abused its discretion. But, in the presence of these recitals, the truth of which we have no ground for questioning, it seems to me that this court is going a long way indeed in setting aside the considered judgment of the Circuit Court. The judge believed, and had good reason for believing, that the plaintiffs were engaged in a scheme to obstruct the judicial process and had contemptuously flouted his order. He had the right to take these matters into consideration when relief from a default was sought by one, whose conduct having been inexcusably negligent, was demanding that the court deny to the opposing party a right which the statute gave him. *Chapman v. Multnomah County,* 63 Or. 180, 186, 126 P. 996.

As to the alleged delinquencies of the defendants to which the opinion of the court calls attention, it

seems to me, as I have indicated, that they are irrelevant.

It is not correct to say that the second amended answer was not served on the plaintiffs. There was simply an imperfection in the *proof* of service. Plaintiffs might have taken advantage of this by motion. Had they chosen to do so the result undoubtedly would have been that the court would have permitted the proof of service to be amended. *Weaver v. Southern Oregon Co.,* 30 Or. 348, 350, 48 P. 171; *Barbre v. Goodale,* 28 Or. 465, 468, 38 P. 67, 43 P. 378. There is no suggestion that the second amended answer was not received by plaintiffs' attorney in due course of mail, and all the evidence indicates that it was so received.

The other departure from rules of procedure charged to the defendants is their failure to obtain leave of court to file the second amended answer. Of course, they should have obtained such leave. But here again the plaintiffs made no objection, and, by failing to do so, as well as by the course they took when they finally sought permission to file a reply, they waived any objection which otherwise might have been open to them. Of a similar situation the court said in *Whitefoot v. Leffingwell,* 90 Wis. 182, 63 N. W. 82:

"But no reason is perceived why the plaintiff had not power to consent to an amendment to the answer, or to ratify the making of an unauthorized amendment. Any objection which does not deprive the court of jurisdiction may be waived. Even a nullity may be waived. 4 Wait, Prac. 634; 2 Till. & S. Prac. 1033. An irregularity may be waived by consent, either verbal or written, or by subsequent acquiescence; and it is waived by neglecting to object when the occasion arises. 2 Wait, Prac. 498; 4 Wait, Prac. 635; 2 Till. & S. Prac. supra. No doubt the plaintiff's attorney could have bound himself,

> by a stipulation, to receive the amended answer. So
> he could bind himself by receiving it without objec-
> tion, and retaining it. This he did."

See, also, *Jeffs v. Flickenger,* 14 Kan. 308. It is equally
clear that the Circuit Court impliedly gave its consent
to the amendment (if that was necessary) and that the
consent must be deemed retroactive to the date of
the filing. Amendments before trial are so much allowed
as a matter of course (*York v. Nash,* 42 Or. 321, 326,
71 P. 59; *Henderson v. Morris,* 5 Or. 24) that there is
no basis for this court's conclusion that "the trial court
should have exhibited the same tolerance toward plain-
tiff as it apparently did toward defendants."

Surely it will not be suggested that the judge unduly
favored the defendants because he did not assume the
role of guide, philosopher and friend towards the plain-
tiffs and, of his own motion, strike from the files a
pleading to which they made no objection. There, of
course, can be no difference of opinion that in general
"every litigant shall have his day in court and his
rights and duties determined only after a trial upon
the merits of the controversy." *King v. Mitchell,* 188
Or. 434, 442, 214 P. 2d 993, 216 P. 2d 269. Neither can
it be doubted that a litigant may, by his own neglect,
forfeit that right. And when, as is the case here, a
litigant is not only negligent but recalcitrant as well,
he is in a poor position to complain that he has been
deprived of his right to a trial on the merits. See 49
C.J.S., Judgments, 610, § 334. The fact is that in this
case, had a reply been filed within the statutory time,
the court could properly on motion have stricken it
because of the conduct of John Alery, aided and abetted
by Marie Alery, in refusing to appear and give his
deposition. § 3-209, O.C.L.A.; *Wheeler v. Burckhardt,*

34 Or. 504, 507, 56 P. 644. Counsel for the defendants swore in his affidavit that he would have made such a motion. And the plaintiff, Marie Alery, was all the time, while seeking the court's indulgence, defying the court, for she was a party to John Alery's refusal to give his deposition.

The question for our determination is not whether one of us, had he been the trial judge, would have made the same decision, but whether this court is warranted in interfering with the Circuit Court's exercise of its discretion. *Lovejoy v. Willamette Locks Co.*, 24 Or. 569, 34 P. 660. In the face of a record such as this, I think it is not.

BRAND, C. J., concurs in this opinion.