Opinion of the Court—Prim, J.

## A. B. HALLOCK, Respondent, v. THE CITY OF PORTLAND, Appellant.

Findings on Trial by the Court, how Regarded.—When a case is tried before the court without the intervention of a jury, the findings of the court upon the facts shall be deemed as a verdict, and may be set aside in the same manner and for the same reasons, as far as applicable, and a new trial granted.

Idem—New Trial, When a Matter of Discretion.—The refusal to grant a new trial on the ground that the evidence was insufficient to justify the finding of fact, is a matter resting in the sound discretion of the court below, and cannot be reviewed on appeal. The findings of fact by the court below must be accepted as correct until set aside in that court.

Appeal from Multnomah County. The facts are stated in the opinion.

*J. C. Moreland, City Attorney,* for appellant.

*Reed and Bingham,* for respondent.

By the Court, Prim, J.:

This action was brought by respondent to recover back money alleged to have been paid under a mistake, believing at the time that he was indebted to the appellant by reason of a judgment of the circuit court of the state of Oregon for the county of Multnomah, bearing date of October 14, 1874, claiming now that said judgment had been satisfied and paid by sale of respondent's property on execution. The answer denies that there was any mistake, or that the judgment was ever satisfied. And for further defense alleges that the said judgment, including interest, amounted to one hundred and thirteen dollars and sixty-five cents, and the execution referred to in the complaint was in a suit wherein Ladd & Tilton were plaintiffs, A. B. Hallock defendant, and the Bank of British Columbia and the city of Portland were joined as subsequent lien-holders on said Hallock's property; that said execution was returned satisfied by the sheriff, but in truth and fact there was not enough money collected thereon to pay all of said liens, and that the return of the execution satisfied was a mistake. The replication alleges that sufficient money was realized out of the sale of

said property of the respondent by the sheriff to satisfy said judgment in full.

This case having been tried by the court without the intervention of a jury, the court thereupon made the following findings of fact and law:

On looking into the bill of exceptions we find that the only exception taken and the only error alleged, was the refusal of the court below to grant a new trial.   When the trial of a case is had before the court without the intervention of a jury, " the findings of the court upon the facts shall be deemed as a verdict, and may be set aside in the same manner and for the same reasons as far as applicable, and a new trial granted." (Civ. Code, 149, sec, 217.)

As the motion for a new trial was based wholly upon the insufficiency of the evidence to justify the finding of fact, the granting of the motion was a matter resting wholly in the discretion of the court below and can not be reviewed on appeal. (*State of Oregon* v. *Wilson,* 6 Or. 428; *State* v. *Fitzhugh,* 2 Or. 227; Hilliards on New Trials, 7.)

The evidence submitted on the trial is substantially reported in the bill of exceptions, but this court can not look into it in order to ascertain what the facts are.   The finding of the court below is conclusive upon that matter here.   It appears from the evidence as found by the court that the execution referred to in the pleadings was returned by the sheriff " satisfied in full."   But it is claimed that there was evidence tending to show that the return of the sheriff was incorrect; but that matter can not be looked into here, as this court must accept the finding of the court below as correct on the issues of fact.

The judgment of the circuit court is affirmed.