[ Filed May 1, 1890.]

## A. T. KYLE, APPELLANT, *v.* RIPPY & AMY, RESPONDENTS.

FINDINGS OF FACT TO BE DEEMED VERDICT.—When a case is tried before the court without the intervention of a jury, the findings of the court upon the facts shall be deemed a verdict, and the duty of this court is to ascertain whether the legal conclusions drawn therefrom are such as the law pronounces.

APPEAL from Jackson county: L. R. WEBSTER, judge.

LORD, J., delivered the opinion of the court.

This was an action to recover the sum of two hundred and fifty dollars as commissions for the sale of land by plaintiff as a real estate broker. The action was tried by the court without a jury by consent of the parties. After hearing the evidence, the court found as facts that the defendants agreed to pay the plaintiff the sum of two hundred and fifty dollars, if plaintiff would sell for the defendants certain lands described, but that he had failed to sell the same, or to procure a purchaser who entered into a binding contract for the purchase; and as a matter of law, that the plaintiff was not entitled to recover anything in the action, but the defendants were entitled to recover their costs and disbursements, and judgment was rendered accordingly.

The bill of exceptions contains all the evidence, and the error mainly assigned is, error in the court in finding the facts as above stated. But this court cannot look into the bill of exceptions to ascertain the facts, as the findings of the court are conclusive upon us.

In *Hallock* v. *City of Portland*, 8 Or. 29, it was held that when a case is tried before the court without the intervention of a jury, the findings of the court upon the

facts shall be deemed as a verdict, and must be accepted as correct until set aside in that court. We have nothing to do with the facts as found except to ascertain whether the legal conclusions drawn therefrom are such as the law pronounces. But to enable the court to determine the correctness of the legal conclusions drawn from the findings of fact, it may be important that counsel should be vigilant to have the findings of fact stated with fullness and particularity to avail themselves of the legal objection which they desire to raise and to have determined. In the case at bar, the contention of the plaintiff is, not that the legal conclusions drawn from the facts found are incorrect and erroneous, but that the uncontradicted evidence does not warrant the findings of fact as found by the court. His assignment of error is, that the court erred in finding that the plaintiff had failed to sell the land or to procure a purchaser to enter into a binding contract, and his argument is devoted to showing that the undisputed evidence is otherwise. In a word, he claims that a proper finding of facts would warrant the legal conclusion that the plaintiff was entitled to recover his commissions. If the legal consequences would result upon such a finding of facts as he claims that the uncontradicted evidence authorizes, and the court ought to have so found, there is no doubt that the judgment works him an injury and wrong which it is the aim of the law to avoid; but to my mind it is not clear that the mode that the plaintiff has pursued to have the error of which he complains reviewed is the proper one and can be availed here, but that injustice may be avoided, it is thought by the court, under the circumstances presented by this record, that it is safer and better to remand the cause to the trial court to make a full finding of the facts and the legal conclusions to be deduced therefrom.

And for this purpose the judgment is reversed, and it is so ordered, and that the costs and disbursements abide the result.