### GORMAN *v.* McGOWAN.

[76 Pac. 769.]

FINDINGS BY COURT—CONCLUSIVENESS ON APPEAL.*

1. Findings of fact by the trial court in a law action are to be considered on appeal as the verdict of a jury, and will not be disturbed unless it appears that the evidence on which they were made was insufficient as a matter of law to sustain them.

SUFFICIENCY OF EVIDENCE.

2. The evidence, while conflicting, tends to support the contention of plaintiff.

ACCOUNT STATED—FAILURE TO OBJECT.

3. By not objecting to an account within a reasonable time after its presentation, the debtor may be said to concede its correctness, and it then becomes an account stated. In this case the account was held for more than a month.

From Multnomah: MELVIN C. GEORGE, Judge.

---

*NOTE.—In a law action tried before the judge without a jury the findings of fact by the judge will be considered conclusive on appeal if there is any competent evidence to sustain them: *Hallock* v. *Portland,* 8 Or. 29 ; *Williams* v. *Gallick,* 11 Or. 337 (3 Pac. 469); *Hicklin* v. *McClear,* 18 Or. 126 (22 Pac. 1057); *Kyle* v. *Rippy,* 19 Or. 186 (25 Pac. 141); *Bartel* v. *Mathias,* 19 Or. 482 (24 Pac. 918); *In re Fenstermacher* v. *State,* 19 Or. 504 (25 Pac. 142); *Liebe* v. *Nicolai,* 30 Or. 364 (48 Pac. 172); *Hutchcroft* v. *Herren,* 33 Or. 1 (52 Pac. 692); *Salem Traction Co.* v. *Anson,* 41 Or. 562 (69 Pac. 675); *Ferguson* v. *Reiger,* 43 Or. 505 (73 Pac. 1040); *Astoria R. Co.* v. *Kern,* 44 Or. 538 (76 Pac. 14); *Good* v. *Smith,* 44 Or. 578 (76 Pac. 354); *Gorman* v. *McGowan,* 44 Or. 597 (76 Pac. 769).—REPORTER.

This is an action by the Sam J. Gorman Company, a private corporation, against P. J. McGowan & Sons, also a private corporation, upon a stated account. The complaint states in brief that in the years 1900 and 1901 the plaintiff sold large quantities of packed salmon for defendant, upon an agreed commission of five per cent of the amount of sales; that on or about January 5, 1901, plaintiff and defendant accounted together concerning said sales and the commissions earned, and that there was found due from defendant to plaintiff the sum of $913.20, which defendant agreed to pay; that defendant subsequently became entitled to such credit that on June 7, 1901, there remained due plaintiff on account of said commissions $812.74; that between the 7th and 12th days of June plaintiff and defendant accounted with reference to said matters, and that there was found due from defendant to plaintiff, by reason of the commissions aforesaid, the sum of $812.74, which defendant assented to and agreed to pay to plaintiff. The answer consists of specific denials of these allegations. A jury being waived, trial was had before the court, which made findings of fact supporting the allegations of the complaint, and, the conclusions of law and judgment being also favorable to plaintiff, the defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Whitney L. Boise* and *John T. McKee.*

For respondent there was a brief over the name of *Snow & McCamant,* with an oral argument by *Mr. Wallace Mc-Camant.*

Mr. Justice Wolverton, after stating the facts in the foregoing terms, delivered the opinion of the court.

1. It is settled law in this court that findings of fact by the trial court stand as the verdict of a jury, and will not be disturbed on appeal where there is competent evidence

reasonably tending to their support, or, in other words, unless it appears that the evidence upon which they were made was insufficient as a matter of law to sustain them: *Astoria Railroad Co.* v. *Kern*, 44 Or. 538 (76 Pac. 14), and *Good* v. *Smith*, 44 Or. 578 (76 Pac. 354), recently decided.

2. Counsel for defendant insist, however, that there was no evidence before the court upon which to base a deduction that the relation of debtor and creditor existed between plaintiff and defendant; or, to put the question in another form, it is urged that the undisputed evidence shows that the plaintiff never sold any part of defendant's salmon pack, and therefore that there were no dealings between plaintiff and defendant, as alleged, about which an accounting could be had. It is further insisted that, if such a relation did in fact exist, the evidence was not legally sufficient upon which to base the finding of an accounting had between the parties. The plaintiff and defendant are both corporations, the former of the State of Illinois, engaged in the brokerage business, and the latter of the State of Washington, engaged in packing salmon for the market. Sam J. Gorman was the president and general manager of the plaintiff corporation, and H. S. McGowan the president and manager of the defendant. P. J. McGowan was a stockholder in the defendant corporation and a member of its board of trustees, but was not otherwise an officer. He was, however, the owner individually and the manager of the North River Packing Company, a concern also engaged in the business of packing salmon for the market. Much of the correspondence touching the business of the North River Packing Company was carried on in the office of the defendant, and over the defendant's signature. This was done, as testified to by one of the witnesses, because the latter company had an office force and stenographers, and P. J. McGowan had no such employés, and could not write letters, being over eighty years

of age. There is no dispute that the plaintiff sold salmon and earned the amount of the commission stated in the complaint, but the controverted question is, did it act for the defendant company in selling the same?

The defendant, contrary to the theory of the plaintiff, insists that the salmon was sold for and on account of the North River Packing Company, and in no way upon its own authority or account. In support of plaintiff's position Sam J. Gorman testified that the plaintiff did business for the defendant, among others, in the sale of salmon on commission, during the years 1899, 1900, and 1901, and that the contract for the sale of defendant's salmon was made by plaintiff, the witness acting for it, with P. J. McGowan personally, on behalf of defendant, in the office of the plaintiff at Portland, Oregon, about the first day of September, 1900, the contract being that defendant was to pay to plaintiff five per cent commission on f. o. b. cannery selling prices on all salmon sold by plaintiff and shipped by defendant. Jessie E. Mansfield, accountant and correspondent in the employ of plaintiff at Portland, testified that during the years named plaintiff sold large lots of salmon for the defendant; and, as certified by the bill of exceptions, there was evidence tending to show that, immediately after entering into the contract stated to have been made at a conversation had by P. J. McGowan with Gorman, defendant was advised of the same, made no objection thereto, and did not call in question McGowan's authority to contract for it until defendant's amended answer was filed in this cause; and, further, that the defendant corporation was controlled and managed by P. J. McGowan and members of his family. From the correspondence between the parties we extract the following : On December 29, 1900, plaintiff wrote defendant :

"Enclosed we hand you statement of your account to

date, showing amount due us of $927.78, which we trust you will find it convenient to remit at an early date."

The defendant replied on the 31st:

" We beg to advise we will close this matter up as soon as H. S. McGowan is able to give it his attention."

On January 5, 1901, plaintiff wrote:

" We are in receipt of our statement of your account which you return for correction with notation on same that we have overlooked deducting the 1½ % cash discount. We thank you for calling our attention to this matter and beg to enclose herewith corrected statement which we trust will be found in order, and would be pleased to receive remittance for amount of same, $913.20, at your earliest convenience."

And again on January 8th plaintiff wrote:

" Would you kindly send us by return mail list of all drafts paid for salmon sold through us, and oblige."

Defendant replied on the 9th:

" We will take your request up in a few days and advise you."

On June 7th plaintiff wrote:

" Herewith please find our bill for commissions on sales of salmon, showing net amount due us of $812.74. As all of these shipments have been paid for, with the exception of the last one to Indianapolis, we would ask you to kindly send us check by return of mail for the amount due us, and greatly oblige."

And again, on July 8th plaintiff wrote:

"As all drafts against our sales of your salmon have now been paid, we have taken the liberty of drawing upon you to-day for amount of our statement rendered, $812.74, which we trust will be duly honored upon presentation."

In this connection it may be stated that the bill inclosed with the letter of June 7th contained an itemized statement of plaintiff's account against defendant, showing the

balance as stated in that and the letter of July 8th. On July 12th the defendant replied :

"Your letter of the 8th inst. is received advising of draft made on us for $812.74. We find, however, charges against your account, as per bills herewith account of loss on Los Angeles car reshipped to Indianapolis, $495.14, and account of Washington Canning Co., $843.15, which is sold to us in settlement with them. Deducting amount of your statement, this will leave $525.55 to our credit in account, which amount we will be glad to have settlement for."

There is a great deal of other correspondence in the record between these parties, and between plaintiff and the North River Packing Company, some tending to the establishment of plaintiff's case as alleged, while much of it goes to sustain defendant's contention that the transactions upon which plaintiff's claim is founded were had with the North River Packing Company, or P. J. McGowan individually. There can no longer be any doubt, however, that there was pertinent evidence upon which to base the findings of fact of the trial court as to the existence of the relation of debtor and creditor between the parties to the present action, and they must be sustained here. That there was a conflict in the evidence but serves to demonstrate that it is not within our province to disturb the findings of the trial court.

3. As to the next contention, that the evidence shows that there was no statement of account had between the parties, we are of the opinion that there was sufficient legal evidence upon which to base the finding made as to that feature of the controversy also. That a statement of account was rendered by plaintiff to defendant, showing a balance due from defendant to plaintiff of $812.74, there can be no cavil. Defendant's letter of July 12th admits by all reasonable intendment the correctness of the statement, but claims an offset thereto, consisting of two items, which

show the plaintiff indebted to the defendant. In the meantime, however, the defendant had kept the account rendered for a full month without apparent objection thereto, nor was any such objection made or offset claimed until the plaintiff saw fit to draw for the amount claimed. Under these conditions, the trial court could very well find that there was an accounting had.

The judgment of the trial court will therefore be affirmed, and it is so ordered.                          AFFIRMED.